*Mott-Smith & Matthewman* for defendant in error.

---

WONG CHOW *v.* LYLE A. DICKEY, District Magistrate of Honolulu, A. M. BROWN, High Sheriff of the Territory of Hawaii, and TUNG FOOK SING.

ORIGINAL.

SUBMITTED NOVEMBER 24, 1902.    DECIDED DECEMBER 12, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

That part of Section 1435, Civil Laws, permitting execution to issue on judgments pending appeal does not apply to District Court cases wherein a jury trial is demandable as of right.

The District Magistrate has no authority to issue execution in such cases on a judgment rendered by him pending an appeal.

OPINION OF THE COURT BY GALBRAITH, J.

The plaintiff, Wong Chow, petitioned this court for a writ of prohibition against Lyle A. Dickey, Esq., District Magistrate, A.

M. Brown, Esq., High Sheriff, and Tung Fook Sing, alleging that petitioner was a defendant in an action of assumpsit, before said District Magistrate, wherein the amount in controversy was more than $20.00; that judgment was rendered against him in the sum of $263.63; that he duly perfected an appeal from said judgment to the circuit court; that pending said appeal application was made to said magistrate for the issuance of execution on said judgment; that execution was issued on the 12th day of November, 1902, and delivered to the High Sheriff for levy on petitioner's property; that the said District Magistrate was wholly without authority of law to issue said execution; that Section 1435, Civil Laws, under which he pretended to act in the premises is unconstitutional and void, being in contravention of the provisions of Articles 5, 7 and 14 of the amendments to the Constitution of the United States and that petitioner is wholly without remedy at law except by process of this court prohibiting and restraining the defendants from proceeding to levy said execution on plaintiff's property pending said appeal.

An order to show cause was issued by the Chief Justice returnable before this Court at 10 o'clock a. m. on November 21st, 1902.

The return admits the entry of judgment, the issuing of the execution and its delivery to the High Sheriff for levy as in the petition set out and avers that the issuance of the execution was within the discretion of the District Magistrate and that its discretion was judicially, fairly and honestly exercised upon good cause shown and that the execution was legally issued and is a valid writ and entitled to be executed.

The defendant Tung Fook Sing for further return for himself averred that he stood ready and willing to indemnify the plaintiff, by a good and sufficient bond in any sum that might be ordered or agreed upon, against all damages that the plaintiff might sustain by reason of the issuing and levying of said execution, in the event the plaintiff shall prevail in his appeal and obtain judgment in the appellate court. The return prays for the dismissal of the order to show cause.

It is not contended that there is any authority of law for the giving of the bond of indemnity proffered in the separate return of the defendant, Tung Fook Sing. The absence of such authority is sufficient to effectively dispose of that part of the return.

The statute under which the execution was issued reads as follows: "An appeal duly taken and perfected in any cause provided for in this Act shall immediately thereafter operate as an arrest of judgment and stay of execution, provided that execution may issue pending such appeal upon good and sufficient cause being shown therefor." Section 1435, C. L.

This section is found in the chapter of the statute governing "Appeals and Exceptions" which includes the section providing for appeals from District Courts and was apparently intended to apply to all classes of appeals.

It is contended that this section is null and void at least so far as it may be held to apply to District Magistrates for the reason that, there being no provision for a jury trial in the District Court, to permit the issue of execution, on a District Court judgment pending an appeal to the Circuit Court where a jury trial is available is to deny or take away from the defendant the right to a jury trial guaranteed him by the VIIth amendment to the United States Constitution, also that its provisions are contrary to the guarantees contained in Articles V and XIV of amendments to the Constitution in that under this section the defendant may be deprived of his property without due process of law.

The right to a jury trial in all common law actions where the amount in controversy exceeds $20.00 given by the seventh amendment is in full force and effect in this Territory. *Pringle v. Hilo Mercantile Co., 13* Haw. 705; *Lewers & Cooke, ante,* 290. It follows that no statute of the Territory can deprive one of this right.

There is strong ground for the contention that the issuing of execution on the judgment of the District Court where a jury trial is impossible, pending an appeal to the Circuit Court where such a trial is available, is practically a denial of the right to a jury trial. Such practice bears some resemblance to that of

"hanging the accused and trying him afterwards." To be entirely effective this right should be available before the defendant's property is seized and sold under execution. To seize and sell his property and then permit him to have a jury trial to determine whether or not it should have been seized and sold is, to put it mildly, placing restrictions about this constitutional guarantee that ought not to be upheld.

This ground is sufficient to sustain the prayer of the petition and to warrant the conclusion that that part of section 1435 permitting execution to issue pending an appeal cannot be held to apply to District Court cases wherein a jury trial is demandable as of right and does not authorize a District Magistrate to issue execution in such cases after an appeal has been perfected from the judgment and that the execution in this case was issued without authority of law.

The rule as prayed for should be made absolute. It is so ordered.

*W. Austin Whiting* and *C. F. Clemons* for petitioner.

*C. W. Ashford* for defendants.