## E. O. HALL & SON, LIMITED, *v.* LYLE A. DICKEY.

### ORIGINAL.

SUBMITTED JANUARY 25, 1904.        DECIDED APRIL 20, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Attorney's commissions and costs allowed by statute should not be included in determining whether the judgment rendered by a District Court is within the jurisdiction of the court:

The word "applicant" in the first proviso of Sec. 71 of Chapter 57, Laws of 1892, as amended by Sec. 17 of Act 32, Laws of 1903, should be read as though it were written "appellant."

The requirement from an appellant of a bond conditioned for the prompt prosecution of the appeal and for the payment of the judgment, in order to secure a stay of execution in a District Court case involving more than $20 where the Magistrate finds that otherwise good cause is shown for the issuance of execution pending the appeal, does not unduly obstruct the right of trial by jury guaranteed by the Seventh Amendment to the Constitution and is not invalid on the ground of inequality.

### OPINION OF THE COURT BY PERRY, J.

#### (Galbraith, J., dissenting.)

This is a petition for a writ of mandamus to compel the respondent as District Magistrate of Honolulu to issue execution, pending an appeal to the Circuit Court, in a cause wherein the respondent gave judgment for the plaintiff, the present petitioner, for the sum of $309.40. The Magistrate, although finding that good cause was shown for the issuance of the execution pending the appeal, denied plaintiff's motion for such execution on the sole ground that Sec. 71 of Chap. 57 of the Laws of 1892, as amended by Sec. 17 of Act 32 of the Laws of 1903, which

purports to authorize such issuance, is not applicable to district magistrates in cases where the amount involved is over $20.

In his answer, the respondent sets up the additional ground that the judgment, being for an amount exceeding $300 was beyond his jurisdiction to render and is therefore voidable. This point was practically disposed of in *Lewers & Cooke v. Red-house,* 14 Haw. 290, 293, in which it was said: "Attorney's commissions and costs allowed by statute should not, we presume, be included in determining the jurisdictional amount. They are not a part of the claim or of the amount sued for. They are incidental to the action itself. They are not due and could not be claimed until the termination of the action." In the case under consideration the judgment was for $275.91 damages, $15.26 interest, $14.78 attorney's commissions and $3.45 costs of court. Excluding attorney's commissions and costs, the amount of the judgment was within the jurisdictional limit.

Section 71 of Chap. 57 of Laws of 1892 (C.L., Sec. 1435), as amended by Sec. 17 of the Laws of 1903, reads as follows: "An appeal duly taken and perfected in any case from a judgment, order or decree of a Circuit Judge or District Magistrate shall operate as an arrest of judgment and stay of execution; Provided, however, that the Judge or Magistrate may, upon good cause shown, allow execution to issue or other appropriate action to be taken for the enforcement of such judgment, order or decree, pending such appeal, unless the applicant shall within such time as shall be allowed by the Judge or Magistrate deposit a bond in such amount and with such sureties as shall be approved by the Judge or Magistrate (the amount to be not less than double the amount of the judgment, order or decree, if it is money judgment, order or decree) conditioned for the prosecution of the appeal without delay and for the payment or other performance, as the case may be, of the judgment, order or decree or part thereof that may be rendered or affirmed in the appellate court; and, provided further, that no political corporation or officer or executor, administrator, guardian, trustee or receiver, acting in his official capacity, need deposit such bond

in order to prevent the enforcement of such judgment, order or decree, pending the appeal, and provided further, that in case of an appealable order of a Circuit Judge for counsel fees, suit money, temporary alimony, or other provisional order of a like nature made before final judgment in the cause, an appeal shall not operate as an arrest of judgment or stay of execution, if the appellee shall deposit a bond in such sum and with such sureties as the Judge shall approve, conditioned for the indemnification of the appellant for all damages that he may sustain by reason of the payment or execution of such order, in case the appeal shall be sustained."

The main defense is that the first proviso of this section does not apply to cases tried by district magistrates in which the amount involved exceeds $20,—that, in other words, if it does apply to such cases it is invalid because it unduly obstructs and practically denies the right of trial by jury secured by the Seventh Amendment to the Constitution. A preliminary question also arises and that is as to the correct construction of the word "applicant" in the first proviso.

We have no hesitation in holding that the word "applicant" should be read as though it were written "appellant"; and it is immaterial in this respect whether the word was purposely used as written to denote the party who is appealing or was inadvertently, through an error of the copyist, so written in place of the word "appellant", although we think that the latter is the correct explanation. In any event, a reading of the section as a whole shows clearly that the appellant is the party referred to. It can be no other. The provision is that execution may issue "unless the applicant shall * * * deposit a bond * * * conditioned for the prosecution of the appeal without delay, and for the payment or other performance * * * of the judgment, order or decree or part thereof that may be rendered or affirmed in the appellate court." Who is it that is interested in preventing, temporarily or otherwise, the enforcement of the judgment? Only the party against whom it is rendered, the appellant. The bond must be conditioned for the prosecution of the appeal.

Who, other than the appellant, can prosecute the appeal? No one. The bond must also be conditioned for the payment of the judgment or part thereof that may be rendered or affirmed by the appellate court, that is, for the payment of the judgment or part thereof originally rendered in the district court. No one but the party against whom it is rendered, the appellant, can be expected or asked to assure the payment of such judgment. Moreover, the legislature in the second proviso named certain exceptions to the rule stated in the first, declaring that "no political corporation or officer or executor, administrator, guardian, trustee or receiver, acting in his official capacity, need deposit such bond," that is, the bond required by the first proviso, "in order to prevent the enforcement of such judgment * * * pending the appeal", thus disclosing beyond any doubt that the object of the filing of the bond is to prevent the enforcement of the judgment. As already stated, the appellant only can have any desire to prevent such enforcement. Certainly, by the "applicant" the legislature did not mean the party prevailing and could not have meant a stranger to the record. It meant either the applicant for an appeal,—an unusual term of description, no doubt,—or, as we think, it meant the "appellant" and intended to use that term but through inadvertence permitted the word "applicant" to find its way into the enrolled copy of the bill. The intention of the legislature in the use of the word being made clear by the remaining language of the section, that intention is sufficiently expressed and must be given effect.

As to the validity of the first proviso as applied to district court cases where the value in controversy exceeds $20, the question now before us differs materially from that considered in *Wong Chow v. Dickey,* 14 Haw. 524. The statute in force at the date of that decision (C.L., §1435) provided that "an appeal duly taken and perfected in any cause provided for in this Act shall immediately thereafter operate as an arrest of judgment and stay of execution, provided that execution may issue pending such appeal upon good and sufficient cause being shown therefor." We held that to permit an enforcement of a judgment pend-

ing an appeal and before an opportunity had been had for a trial by jury was in substance a denial of the right to such trial guaranteed by the Seventh Amendment. Four months later the legislature amended Sec. 1435 so that it now reads as above quoted. As amended, the section does not deprive the appellants referred to in the first proviso of the right of trial by jury in any cause. It is true that in certain cases appealed from district courts a condition to the obtaining of such trial is imposed, in that an appellant against whom good cause for the immediate issuance of execution is shown is required, in order to secure a stay of execution until after a jury trial has been had, to deposit a bond conditioned for the prosecution of the appeal without delay and for payment of the judgment or part thereof that may be rendered or affirmed on appeal. The right to a trial by jury, however, remains and is available to the appellant. The condition named does not constitute a denial of the right and does not unduly obstruct it. This was expressly held in *Capital Traction Co. v. Hof,* 174 U. S. 1, 23, 25, 43, 44, 45, in which the court, after an exhaustive consideration of the subject, said, *inter alia:* "Upon the whole matter, our conclusion is * * * that the right of trial by jury in the appellate court is not unduly obstructed by the provisions enlarging the civil jurisdiction of justices of the peace to three hundred dollars, and requiring every appellant to give security to pay and satisfy the judgment of the appellate court; that the legislation of Congress upon the subject" (including the provisions just referred to by that court) "is in all respects consistent with the Constitution of the United States." The point needs no further discussion at our hands. The mere fact that the bond required by our statute must be in *double* the amount of the judgment appealed from, as was perhaps not the case in *Capital Traction Co. v. Hof, supra,* does not distinguish the case at bar from that. The condition is still a reasonable one and does not unduly obstruct the right. Cases in which the statutes involved contained the same requirement were among those referred to with approval by the court in the *Capital Traction Co.* case.

It is said, however, that the amended section is objectionable, further, in that the condition named in the first proviso is imposed, not upon all appellants alike, but only upon some and not upon others, at the mere will of the magistrate, and that in this respect, also, the statute differs from that under consideration in *Capital Traction Co. v. Hof.* The two statutes do so differ, that in the case just cited affecting all the appellants; and yet the authority of that case remains unimpaired upon the point for which it was cited. The objection now under consideration, which, it is to be noted, would apply equally to appeals from circuit judges, has no relation to any possible contravention of the Seventh Amendment. It must be based and stand, if at all, only upon the provision of the Fourteenth Amendment that "no State shall * * * deny to any person within its jurisdiction the equal protection of the laws", or upon the fundamental principle of equality which underlies a republican form of government.

The statute, it must be observed, does not give the magistrates the arbitrary power of determining what appellants may have an appeal or a jury trial without depositing the bond and what ones only after such deposit. It merely vests in them the power to determine in their discretion, a judicial discretion, in what cases the bond shall be required, and goes further and furnishes the standard by which they are to be guided in arriving at that determination, by providing that the bond shall be required only in those cases in which good cause is shown for the immediate issuance of execution. · If this discretion is abused there is a remedy by appeal. There is no inequality in the provision. All are treated alike who are situated under like circumstances. See 6 Am. & Eng. Encycl. Law, 2nd Ed., 967; *Hayes v. Missouri,* 120 U. S. 68, 71, 72; *Mo. R'y. Co. v. Mackey,* 127 U. S. 205, 209. If the objection was good in this instance, it would likewise invalidate other conditions now imposed in appeals from district courts, e.g.: where the amount involved is less than $50, a jury trial can be had only after a trial in the district court and the furnishing of a $100 bond for

costs on appeal; where the amount is between $50 and $300,. a jury trial can be had with or without a prior trial in the district court and with or without such appeal bond at the discretion of the party suing, by permitting the latter, at his option, to sue in the district or circuit court; and where the amount. is over $300 a jury trial may be had in all cases without any prior trial and without the giving of any appeal bond. Could it be successfully contended that any real inequality results. from these differing provisions? We think not. Inequality, indeed, there might be if dishonest parties appealing solely for purposes of delay or of harrassing the appellee, should be permitted to prevent the enforcement of a just judgment without being required to give some such security as is here provided for. As was said by the Supreme Court of Pennsylvania in *Biddle v. Commonwealth,* 13 S. & R. 405. 410, 411, in answering the contention that the right of appeal and of trial by jury was. clogged with the statutory condition of the appellant's making oath "that he verily believed that injustice had been done him, and that the appeal was not made for the purpose of delay" (this. condition is very similar, if not the same in substance as, that prescribed by our statute): "This is no more than a wholesome regulation. The object of courts is, to administer justice, and no man has a right to complain, because he is refused an appeal intended for the purpose of delay, or in a case in which he does not think that he has suffered injustice. It might as well be said that the trial by jury was attacked by a law which should forbid a defendant to put in a dilatory plea or to plead *non est factum,* in an action of debt on a bond, without swearing that he believed the matter of the plea to be true. Laws such as these promote justice, and leave the substance of the trial by jury unimpaired, and that is all that is required by these expressions in the Constitution, 'that trial by jury shall be as heretofore'."

This proceeding has been here treated as one against the respondent as District Magistrate because that is what it is in substance though not, strictly, in form. In the petition the re-

spondent is named simply as "Lyle A. Dickey", but the aver-
ments show clearly that the intention was to ask for the relief
from him as district magistrate and not in his individual or any
other capacity. The defect would seem to have been waived by
the respondent in answering to the merits and in proceeding to
a hearing without raising the point. In any event, the petition
is capable of amendment in this respect.

Upon an amendment as to the name of the respondent being
asked for and made, a peremptory writ should be issued direct-
ing the respondent to issue execution at once unless the judg-
ment debtor and appellant in the original action shall deposit
the bond required by law.

*J. A. Matthewman* for petitioner.

*W. C. Achi* for respondent.

### DISSENTING OPINION BY GALBRAITH, J.

There are several reasons why the peremptory writ of man-
damus should not issue and these proceedings should be dis-
missed, among these are:

1. That the defendant is sued as Lyle A. Dickey, not as
Lyle A. Dickey, First District Magistrate of Honolulu, and
the writ is directed to him in the same form. The court might
compel by mandamus the defendant as an official to perform
some duty required of him by law and which he refuses to per-
form, but as an individual we have no power to control his con-
duct by this extraordinary writ. This proposition is elemen-
tary.

2. The section of the statute relied on by the plaintiff reads
in part as follows: "An appeal duly taken and perfected in
any case from a judgment, order or decree of a Circuit Judge
or District Magistrate shall operate as an arrest of judgment
and stay of execution: Provided, however, that the Judge or
Magistrate may, upon good cause shown, allow execution to
issue or other appropriate action to be taken for the enforce-
ment of such judgment, order or decrees, pending such appeal,
unless the applicant shall within such time as shall be allowed

by the Judge or Magistrate deposit a bond in such amount and with such sureties as shall be approved by the Judge or Magistrate (the amount to be not less than double the amount of the judgment, order or decree, if it is money judgment, order or decree) conditioned for the prosecution of the appeal without delay and for the payment or other performance, as the case may be, of the judgment, order or decree or part thereof that may be rendered or affirmed in the appellate court"; * * * * Section 17, Act 32, Session Laws of 1903.

The meaning of this statute is not clear. The plaintiff assumes that it means that notwithstanding an appeal has been duly taken and perfected from the judgment the District Magistrate may, "upon good cause shown" order execution for the enforcement of the judgment unless the judgment defendant shall file a bond, etc. The statute does not read that way. It reads "unless the applicant shall" * * * "deposit a bond". The "applicant" for what? The execution? No. It could not mean that the plaintiff should file a bond to prosecute the appeal. That would be absurd. He has no control over the appeal and the judgment is payable to him and not by him. Nor can the word "applicant" in this connection by any fair or reasonable interpretation refer to the judgment defendant. He has perfected his appeal and transferred the case to the circuit court where he is entitled to a trial *de novo* and a jury trial if he desires it. He is not an applicant for anything further from the district magistrate or his court.

When "the intent of the legislature" is spoken of I understand that we refer to the meaning of the words used in the statute, and not to the unexpressed thought that may have been in the mind of the members or the framer of the statute. The word "applicant" is not a technical word or a term of art but is a simple word in general use. What authority have I to substitute for it another word which I may think was in the mind of the framer of the statute and which to my mind better effectuates the purpose of the statute than the plain word used? To do this is coming very near an act of legislation. Again I have

no means of knowing that some members of the legislature did not favor this act for the reason that the word "applicant" was used and might not have favored if the word "appellant" had been substituted for it.

This statute attempts to place restrictions on the right to appeal and the pursuance of the method provided by law to obtain the constitutional right of trial by jury and under all canons of constructions should be strictly construed; under such construction the return of the defendant was sufficient to justify his refusal to issue execution.

If we assume for the purposes of this case, something that we have no right to assume, namely, that through inadvertence or mistake the word "applicant" in this section of the law was substituted for the word appellant then the intent of the lawmaker, as contended for by the plaintiff, would be clear, namely, that it was the purpose to empower the district magistrate to issue execution in certain cases unless the appellant should enter into bond in double the amount of the judgment conditioned to prosecute the appeal without delay and to pay the judgment rendered in the appellate court. In other words the district magistrate is given the power, in his discretion, to deny a litigant the right to a jury trial in a case involving twenty dollars or more unless he shall execute a bond as the magistrate directs. The giving a bond is not made a condition to the right to appeal in all cases but only in such as the magistrate shall order.

Such a statute is of an entirely different character from those approved by the United States Supreme Court (*Capital Traction Co. v. Hof,* 174 U. S., 1) wherein it was held that "the right to trial by jury is preserved" although the right to appeal from the judgment of a Justice of the Peace, where no jury trial could be had, to the appellate court where such trial was available, were allowed only on paying costs and giving a bond in double the amount of the judgment conditioned for the diligent prosecution of the appeal and the payment of the judgment that might be rendered on appeal. In the class of statutes last mentioned the condition is prescribed by law and is applicable *to all*

*litigants alike.* There is no discretion placed with any Justice of the Peace to require a bond as a condition of appeal in some case and to waive it in others.

The law of this Territory permits an appeal to be taken on paying costs accrued and giving bond for payment of costs on appeal. Ordinarily an appeal duly perfected operates as a supersedeas and stay of execution. The statute under consideration was evidently intended to restrict the right of appeal and to make it conditional in certain cases. The practical operations of this statute, it is plain to be seen, would permit some litigants to appeal without giving the bond therein prescribed and to deny the benefit of an appeal to others unless the bond were given. In. other words under the operation of this statute the law of appeals to some litigants would be one thing and to others something totally different. A municipal law (and the statute under consideration is a municipal law, if any thing,) is defined as "a rule of civil conduct." Why a rule? "It is a rule; not a transient sudden order from a superior to or concerning a particular person; but something permanent, uniform and universal". 1 Blackstone, p. 44. No "applicant" or appellant can possibly know whether or not his appeal to the circuit court is to be conditional on his filing a bond to pay the judgment on appeal until the inner thought of the district magistrate has been revealed. The statute is wanting in the essential elements of a law, namely, it is neither "uniform" nor "universal" in its operation. A law must be the same to all litigants, i. e., it must be a rule.

Aside from the foregoing objections this statute if it means what the plaintiff contends it means, placed restrictions and limitations around the constitutional right of trial by jury or method of obtaining it that is clearly beyond the power of the. Territorial Legislature to do. The mandate alike to the legislature and the court is that "the right of trial by jury must be preserved." Placing the power within the discretion of a district magistrate to deny the right to appeal to the circuit court where the right to a jury trial may be had or to make it conditional on

giving a bond within the discretion of the magistrate is certainly restricting the right in such manner that it cannot properly be said "to be preserved." In other words it places restrictions on the right to appeal in some cases that is not required in others.

What this court said in regard to this statute prior to the adoption of the amendment now under consideration is equally pertinent in this connection, namely: "There is strong ground for the contention that the issuance of execution on the judgment of the District Court where a jury trial is impossible, pending an appeal to the Circuit Court where such trial is available, is practically a denial of the right to a jury trial. * * * "To be entirely effective this right should be available before the defendant's property is seized and sold under execution. To seize and sell his property and then permit him to have a jury trial to determine whether or not it should have been seized and sold, is, to put it mildly, placing restrictions about this constitutional guarantee that ought not to be upheld." *Wong Chow v. Dickey,* 14 Haw. 524, 526, 527.

The statute is wrong in theory. It gives an obvious advantage to the wealthy over the poor litigant. If a bond to pay the judgment on appeal is required as a condition to an appeal it ought to be required in all cases and should not be left to the discretion of a district magistrate or any other officer to say who shall give bond and who shall not before appealing to the Circuit Court.

The peremptory writ should be denied and the proceedings dismissed.