## IN THE MATTER OF THE APPEAL OF ANTONIO PERRY AND EUGENIA V. PERRY, TAXPAYERS.

### Nos. 2509 and 2510.

SUBMITTED JANUARY 22, 1943. DECIDED FEBRUARY 11, 1943.

KEMP, C. J., PETERS, J., AND CIRCUIT JUDGE BUCK IN PLACE OF LE BARON, J., ABSENT.

OPINION OF THE COURT BY KEMP, C. J.

These appeals are by the Territory of Hawaii and its tax commissioner from the decision of the tax appeal court sustaining the principal contention of the taxpayer.

The facts are undisputed. In 1922 the taxpayer leased a parcel of land owned by him to two tenants for a term of twenty years. The lease required the lessees to erect one or more dwelling houses upon the demised premises at a cost of not less than $10,000 within three years from the date of the lease and at the end of said term, or other earlier determination thereof, to peaceably deliver up to the lessor the demised premises, together with all future erections, in good repair and condition and vacant and unencumbered. The lessees erected a number of houses on the premises in 1923 at a cost of $21,000. In September, 1937, the lease was voluntarily surrendered. It is agreed by the parties that at the time of their surrender in September, 1937, the buildings erected in 1923 were of the value of $7500 and had a life of ten years. In November, 1937, the taxpayer leased the same property, including all buildings, to new tenants for a period of ten years from December 1, 1937. The surrendered lease reserved rentals of $150 per month for one year, $200 per month for the next nine years, and $250 per month for the last ten years. The new lease reserved a rental of $340 per month for the whole term of ten years. All of the cash rentals received by the taxpayer from the property under the two leases have been returned by him as income and the taxes on such income have been paid.

Case number 2509, tax appeal number 183, involves a depreciation credit claimed by the taxpayer for the year 1938. The return for 1938, made in February, 1939, is a joint return of husband and wife, but the depreciation claimed related to the property of the husband, Antonio Perry, who will be referred to herein as the taxpayer.

The taxpayer has not at any time returned the value of the buildings erected by the lessees, or any part thereof, as income. He did, however, include the buildings erected by the lessees in his depreciation schedule for 1938 and claimed depreciation computed upon the original cost thereof to the lessees at 4%, or $840. The tax commissioner disallowed this depreciation and made an additional income tax assessment whereby the income taxable, after all deductions and exemptions, was increased from $7323.42 to $8551.59. The taxpayer appealed to the tax appeal court "from that part of such assessment as disallows the deduction of $840.00 claimed * * * as depreciation at 4% on the cost of buildings erected in 1923 at a cost of $21,000.00."

The tax appeal court held the taxpayer entitled to depreciation on the improvements based on a valuation of $7500 at 10% instead of on $21,000 at 4%, as claimed by him.

Case number 2510, tax appeal number 185, involves the income tax for the year 1937, the taxpayer's return having been made March 7, 1938. This return is also a joint one of husband and wife, but the income involved is that of the husband.

In his return for this earlier year the taxpayer likewise claimed the deduction of $840 for depreciation on the improvements erected by the lessees, based on the cost thereof to the lessees. The value of the improvements had not been returned by the taxpayer at any previous time as income and was not included in the return of March 7, 1938.

The tax commissioner disallowed the claimed deduction for depreciation and no appeal was taken from the assessment.

After the appeal had been taken in tax appeal number 183 (our number 2509) from the disallowance of depreciation for 1938, the tax commissioner decided that the taxpayer received income in 1937 measured by the value of the improvements erected by the lessees and surrendered with the lease in 1937. He found the value of said improvements as of the date of the surrender to be $7500 and their remaining life to be ten years, and accordingly issued an additional income tax assessment. By this assessment the net income of the taxpayer was increased by $7312.50. This amount was arrived at by adding $7500, the value of the buildings on the date of the surrender of the lease, to the gross income and allowing the taxpayer three months' depreciation of the buildings surrendered with the lease. The amount of the depreciation was based on the estimated life of the buildings (ten years) at the time of the surrender and amounted to $187.50.

The taxpayer appealed to the tax appeal court and in his notice of appeal stated that he was appealing from "those parts of such assessment (a) as disallow the deduction of $840.00 claimed by the undersigned as depreciation at 4% on the cost of buildings erected in 1923 at a cost of $21,000.00 and (b) as included in and add to gross income the sum of $7500.00 as and for the value in September of 1937 of buildings surrendered by the lessee to the lessor, the undersigned taxpayer. This appeal is taken to the Tax Appeal Court of the Territory of Hawaii; and is based upon the following grounds:

"(1) that the said deduction of $840.00 for depreciation is properly allowable in favor of the taxpayers under the law;

"(2) that under the law the value of the buildings aforesaid erected in 1923 by the lessee and wholly sur-

rendered to the lessor, together with the lease, in or about September of 1937 is not taxable either as a capital gain or as profit or in any other respect whatsoever and that, therefore, the amount of $7500.00 added to gross income by the assessor is so added without authority of law and is not taxable as income either gross or net."

In the tax appeal court the taxpayer abandoned part (a) and ground (1) of his appeal concerning the claim for depreciation. The court accordingly disallowed that portion of the appeal and affirmed "the assessor's additional assessment in so far as it concerns depreciation which allows three months' depreciation of the improvements in question upon a valuation of $7500.00." However, the court held that the value of the improvements erected by the lessees in 1923 and surrendered in 1937 was not assessable and sustained part (b) and ground (2) of the taxpayer's notice of appeal.

The two appeals of the taxpayer were heard together and disposed of in one decision by the tax appeal court, and the two appeals of the Territory from the decision of the tax appeal court have been consolidated in this court.

The principal point involved is the taxability of the value of buildings erected by the lessees as of the date of the surrender of the lease. This question is raised in case number 2510, tax appeal number 185, which involves the earlier taxable year, although a later appeal. We shall therefore consider it first.

The applicable statute is section 2033, Revised Laws of Hawaii 1935, as amended by Session Laws of 1935, Act 120 (A-45). This Act provides *inter alia*:

"Sec. 2033. Gross income includes what. 1. Gross income includes all gains, profits and income derived or received from any and every source in the Territory, whether or not connected with a trade or business, and also all gains, profits and income derived or received from

all property owned and every trade or business carried on in the Territory * * *

"2. Exclusions from gross income. The following items shall not be included in gross income of corporations or individuals as is more fully specified hereinafter and shall be excluded from taxation under this chapter;

"(a) Alimony. * * *

"(b) Capital gains. Capital gains of an individual or corporation resulting from the purchase, sale, exchange or other acquisition or disposition of real property, stocks, bonds, notes or other like securities shall not be included in gross income; * * * "

The taxpayer admits that if paragraph 1 of section 2033 above quoted stood alone he would be liable for the tax assessed against him on the value of the buildings erected by his lessees. He contends, however, that by the surrender of the lease, together with the buildings erected by his lessee, his gain was a capital gain within the meaning of paragraph 2 (b) of the quoted section and is therefore not taxable.

The tax appeal court concluded that the "taxpayer * * * upon forfeiture of the lease in question received a capital gain from the acquisition of real property within the meaning of the statute under consideration."

It is apparent from the plain language of paragraph 2 (b) of the statute relied upon by the taxpayer to exclude from his gross income his admitted gain, the gain must not only be a "capital gain" but it must have resulted "from the purchase, sale, exchange or other acquisition or disposition of real property," there being no contention that "stocks, bonds, notes or other like securities" were involved in the transactions through which the taxpayer acquired the gain in question. That being true, if the gain which the taxpayer admits he received did not result from the acquisition or disposition of "real property," the elaborate

argument of counsel on the issue of whether or not the gain in question was a capital gain becomes immaterial and need not be considered. It therefore seems logical to first determine whether or not the admitted gain of the taxpayer resulted from the purchase, sale, exchange or other acquisition or disposition of "real property." What, then, did the taxpayer dispose of when in 1922 he executed the lease hereinbefore described? The obvious answer is that he disposed of a leasehold interest in his land, in this case an estate for years, and an estate for years is a chattel, or personal property, and not real property. (*Nakino* v. *W. H. Bailey*, 3 Haw. 763; *Murphy* v. *Hitchcock*, 22 Haw. 665.) Likewise, when in 1937 the lessee surrendered the lease the taxpayer acquired no real property. Blackstone defines a voluntary surrender as "a yielding up of an estate for life or years to him that hath the immediate reversion or remainder, wherein the particular estate may merge or drown, by mutual agreement between them." 1 Jones' Blackstone § 447, p. 1153. The taxpayer therefore merely acquired a right to the immediate possession of real property in which he already owned the fee. His gain resulted from the estate for years created by the 1922 lease (a mere chattel) being yielded up and thereby merged in the greater estate, and not from the purchase, sale, exchange or other acquisition or disposition of "real property."

"The proposition that exemptions from taxation are strictly construed, in other words, that taxation is the rule and exemption the exception, is well settled." *Tax Assessor* v. *Wood*, 18 Haw. 485. (See also *Re Taxes Henry A. White*, 33 Haw. 214, and *In re Yerian*, 35 Haw. 855.) In *Theological Seminary* v. *Illinois*, 188 U. S. 662, 672, the court said: "The rule is that, in claims for exemption from taxation under legislative authority, the exemption must be plainly and unmistakably granted; it cannot exist by implication only; a doubt is fatal to the claim."

We conclude that the tax commissioner was right in making the additional assessment against the taxpayer for the year 1937 and in allowing a three months' depreciation based on the remaining life of the buildings and their value on the date of the surrender of the lease, and that the tax appeal court was right in affirming the action of the commissioner in allowing depreciation but erred in holding that the gain of the taxpayer resulted "from the acquisition of real property within the meaning of the statute under consideration."

The decision of the tax appeal court in case number 2510, tax appeal number 185, is accordingly reversed and the cause remanded, with instructions to enter an order or judgment in conformity with this opinion.

The appellants admit that if the action of the tax commissioner in making the supplemental assessment for 1937, by adding the value of the improvements surrendered by the lessee in 1937 to the gross income of the taxpayer for that year, is sustained, then the decision of the tax appeal court in case number 2509, tax appeal 183, should be affirmed. The decision of the tax appeal court in case number 2509, tax appeal 183, is therefore affirmed.

Counsel having expressed doubt as to the meaning of the decision of the tax appeal court as to the amount of depreciation to which the taxpayer is entitled, we deem it appropriate to say that we have no difficulty in arriving at the conclusion that the court meant that the taxpayer is entitled to a depreciation of 10% per annum on a value of $7500, or $750, instead of 4% per annum on $21,000, or $840.

A. *Perry* for taxpayers.

*J. V. Hodgson,* Attorney General, and *R. V. Lewis,* Deputy Attorney General, for the Territory and William Borthwick, Tax Commissioner.