HONOLULU STAR BULLETIN, LIMITED,
*v.* EDWARD J. BURNS, DIRECTOR
OF TAXATION, STATE OF HAWAII.

No. 4700.

OCTOBER 28, 1968.

RICHARDSON, C. J., MARUMOTO, ABE,
LEVINSON, JJ., AND CIRCUIT JUDGE
WONG ASSIGNED BY REASON OF VACANCY.

OPINION OF THE COURT BY WONG, CIRCUIT JUDGE.

Not only is the issue involved in this appeal—the determination of the general excise tax rate applicable to plaintiff-appellant's (hereafter "plaintiff") advertising revenues—identical with that in *Advertiser Publishing Co.* v. *Fase,* 43 Haw. 154 (1959), *aff'd* 279 F.2d 636 (9th Cir. 1960), but by stipulation of the parties, the facts in each of the consolidated cases now under appeal were essentially similar and parallel to the facts in the *Advertiser* case, and the entire record of that case reviewable by the trial court and this court.

In light of such stipulation, the holding in *Advertiser* would ordinarily be dispositive of this case under the doctrine of *stare decisis*. Plaintiff contends, however, that the Territorial Supreme Court erred when it confined its inquiry to the definition of the single word "manufacturer" for the purposes of subsection A of section 5455, Revised Laws of Hawaii 1945, and, under such limited definition, held that the taxpayer was not a "manufacturer." It is the plaintiff's position that had the court correctly extended the definition of "manufacturer" to include "processing" or "preparing" for "sale, profit or commercial use," taxpayer's advertising activities would properly have fallen within the definition of "manufacturing," as so broadened. Even under such broadened definition, however, we are not necessarily impelled by the statutory language to the conclusion contended for by the plaintiff. There is, rather, sufficient ambiguity in the language to compel us to invoke such appropriate rules of statutory construction as will aid us in ascertaining the legislative intent in this matter.

It is settled that in this jurisdiction the rule of strict construction is applicable in tax cases. Thus, "if doubt exists as to the construction of a taxing statute, the doubt should be resolved in favor of the taxpayer." *Hawaiian Trust Co.* v. *Borthwick*, 35 Haw. 429, 436 (1940). This is clearly the applicable rule where a tax is sought to be imposed. The vacillation from this rule, if there was any, by *Advertiser*, was rectified by this court in *Re Taxes, Hawaiian Pineapple Co.*, 45 Haw. 167, 363 P.2d 990 (1961). This does not mean, however, that merely because a taxing statute is being construed, the resolution of every doubt should be against the taxing authority, for equally as well-established is the proposition that exemptions from taxation are strictly construed against the taxpayer. *In Re Perry Tax Appeal*, 36 Haw. 340 (1943) ; *In Re Taxes, Johnson*, 44 Haw. 519, 356 P.2d 1028 (1960). As this court observed in *Hawaiian Pineapple Co., supra* at 192: "We see no reason to deprecate the rule of strict construction as applied in tax cases. Whether favoring the taxpayer on provisions imposing the tax or cutting against him on exemptions, it is a practical rule * * *."

A preliminary determination must, therefore, be made in each case as to whether a tax is being imposed or an exemption sought. In *Hawaiian Pineapple,* the government attempted to impose a tax rate higher than the prevailing rate being paid by manufacturers other than "millers or processors of sugar" and "canneries." The court there declined to broaden the definition of "canneries" to include taxpayer's freezing activities and held that proceeds from the sale of its frozen pineapple products were not taxable at the higher rate. It should be noted that no question arose as to whether such products should have been taxed at all; only the higher rate of taxation was challenged. So, in the instant case, taxability vel non of plaintiff's advertising revenues is not the point; again, only the rate is in issue. The plaintiff claims that since it seeks only a lower rate, and not to be wholly exempt, the strict rule against exemptions is therefore inapplicable. We are of the opinion, however, that just as the imposition of a tax rate higher than the prevailing rate for others of the same class is equivalent to a tax exaction in the first instance, so is the seeking of a reduction in the tax rate to a level below what other classes are paying tantamount to a quest for an exemption. That the plaintiff sought just such a reduction will next be explained.

In 1935, a general excise tax law was passed, being Act 141 of the Session Laws. The Act provided for eight categories of persons to be taxed. Under subsection A, manufacturers, other than millers or processors of sugar and canneries, were taxed at $\frac{1}{4}\%$; under B, wholesalers and producers at $\frac{1}{4}\%$; E, printers and publishers, $1\%$; G, professions, $\frac{1}{2}\%$. All other persons were taxed at $1\frac{1}{4}\%$. An amendatory Act (Series A-42, Act 252) was passed in the session laws of 1939. Section 1 of this Act made two changes in the general excise tax law: (1) the tax on G, professions, was raised from $\frac{1}{2}\%$ to $1\frac{1}{4}\%$; (2) E, printers and publishers, was deleted. The Act stated that the intent of the paragraph deleting subsection E was "* * * to render the various types of business defined in said deleted provision taxable under such other provisions of said Act 141 as may by their terms be applicable thereto." Since no rates were changed except for the rate boosting professions from $\frac{1}{2}\%$ to $1\frac{1}{4}\%$, the common rate then applicable

to all businesses, other than those whose goods and products could expect to bear another tax on a subsequent sale, was $1\frac{1}{4}\%$. Pursuant to the declared intent of the Act, taxation of the various types of business of printers and publishers was now to be diverted to other applicable provisions of the Act: subsec. A, manufacturers, at $\frac{1}{4}\%$; subsec. F, service business, at $1\frac{1}{4}\%$; or subsec. H, other business, at $1\frac{1}{4}\%$. Under our view that a derogation from the common rate is in the nature of an exemption, we construe the statute strictly against the taxpayer, and accordingly, conclude that plaintiff must be taxed under either F, as a service business, or H, as other business. Since the rates for both are similar, it should be immaterial as to which particular subsection is designated. Inasmuch as the plaintiff has questioned the applicability of subsection F, we consider H the appropriate subsection for taxing plaintiff's advertising revenues.

Where a statute is ambiguous, its title may be referred to as an aid in construing the statute. *Strathearn S. S. Co.* v. *Dillon,* 252 U.S. 348 (1920) ; *Maguire* v. *Comm. of Internal Revenue,* 313 U.S. 1 (1941). In *Advertiser,* the court followed this rule and concluded (at 165) that "reducing the tax on printers and publishers by $\frac{3}{4}\%$ would certainly not conform to the title of the [1939] Act." In its opinion, the court had excerpted only that portion of the title of the Act as indicated by the italicized words: "An Act Relating to Taxation, Revising the General Excise Tax Law and the Unemployment Relief and Welfare Act, so as to Coordinate the Same and *to Broaden the Tax Base and to Provide for Increased Revenues Therefrom,* and Amending All Inconsistent Laws to Conform Thereto." Plaintiff now complains that such excerpt was not representative of the entire title. We think it plain that this shortened version of the title fairly epitomizes the purported thrust of the Act. In addition to the previously mentioned changes in the general excise tax law, one of which increased the rate on professions, other amendments in the Act also broadened the tax base and provided for increased revenues. To conclude, as we do, that the legislature had intended to raise plaintiff's rate from $1\%$ to the common rate of $1\frac{1}{4}\%$ would be more in consonance with the title of the Act than to determine

that it had intended to reduce plaintiff's rate by ¾% to ¼%.

Since the pertinent statute was construed by the court in *Advertiser,* the legislature has had abundant opportunity to give the statute a differing meaning. Its failure to do so amounts to legislative approval of such judicial construction, giving it the effect of legislation. *See Territory* v. *Bell,* 43 Haw. 23 (1958); *Territory* v. *Makaaa,* 43 Haw. 237 (1959).

Although the years involved in this appeal are from 1952 through 1959, and the tax rates for the various classes, including subsection H of the 1939 Act (Section 5455 G, R.L.H. 1945), have been raised from time to time since 1939, we need not here set forth such rate changes, as they are not in question.

In conformity with the above, we hold that plaintiff's advertising revenues for the eight years involved in this appeal were taxable under Section 5455 G (tax on other business) at such respective rates as may have been applicable to said subsection G during the years concerned.

Affirmed.

*Harold S. Wright (Smith, Wild, Beebe & Cades* of counsel) for plaintiff-appellant.

*Melvin K. Soong,* Deputy Attorney General *(Bert T. Koba-yashi,* Attorney General, with him on the brief), for defendant-appellee.