In the Matter of the Tax Appeal of PACIFIC MARINE & SUPPLY CO., LTD., Taxpayer.

NO. 5447

JULY 12, 1974

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR, JJ., AND CIRCUIT JUDGE M. DOI IN PLACE OF LEVINSON, J., ABSENT FROM THE STATE

OPINION OF THE COURT BY OGATA, J.

This is an appeal from the Judgment of the Tax Appeal Court, filed January 17, 1973, following and based on a stipulation by and between the parties as to the exact amount of subcontracting deductions to be allowed to taxpayer under the principles of law enunciated in a written Decision of the Tax Appeal Court dated April 1, 1971. In the said Decision, the Tax Appeal Court disposed of the taxpayer's four appeals from deficiency assessments made by the State for additional payment of excise taxes from taxpayer, following rulings made by the Director of Taxation to disallow certain subcon-

tracting deductions claimed by taxpayer. The four appeals are as follows: (1) for the fiscal years ending June 30 of 1963, 1964, 1965 (hereinafter designated, as below, as T.A. No. 1148); (2) for the fiscal years ending June 30 of 1966 and 1967 (T.A. No. 1224); (3) for the fiscal year ending June 30, 1968 (T.A. No. 1229); and (4) for the fiscal year ending June 30, 1969 (T.A. No. 1288). The Decision of the Tax Appeal Court was against taxpayer in T.A. No. 1148, but against the State, and in favor of the position advocated by taxpayer, in T.A. Nos. 1224, 1229, and 1288.

Although the decision in T.A. No. 1148 differed from the decision in T.A. Nos. 1224, 1229, and 1288, apparently due to the particular disposition made by the Tax Appeal Court regarding a suggested constitutional issue pressed by taxpayer as to which, see *infra,* part II, the legally significant facts in all four cases are the same, and are specified in a Stipulation of Facts agreed to by the taxpayer, appellee, and by the Director of Taxation for the State of Hawaii, appellant. Taxpayer is a Hawaii corporation engaged in the business of making marine repairs, primarily to or upon ships and vessels. In performing its various obligations under its repair contracts, taxpayer regularly parceled out certain portions of the total repair work to other corporations and business entities engaged in performing specialized services, including plumbing, welding, painting, insulation, roofing, and other specialities. Taxpayer filed annual general excise tax returns in which taxpayer claimed subcontracting deductions for its payment for the work it parceled out to other corporations and business entities noted above. These claimed deductions were disallowed by the Director of Taxation. The validity of these disallowed subcontracting deductions is the central legal issue before us on this appeal.

The permissibility of any claimed deduction by any taxpayer is controlled by the pertinent provisions of HRS, in this case by ch. 237, the General Excise Tax Law, and by all the properly enacted statutory predecessors thereto validly in force during any of the fiscal years with which this appeal is concerned. The decision of the Tax Appeal Court was that

taxpayer was *not* a "contractor" under HRS § 237-6[1] as this statute read prior to June 28, 1965, *i.e.*, for fiscal years ending June 30, 1963, 1964, 1965 (T.A. No. 1148). However, for the reason that a supposed constitutional defect would otherwise be created in HRS § 237-6 by the amendment thereto of what was designated subsection (2) thereof, and made effective after the fiscal year ending June 30, 1965,[2] the Tax Appeal Court held that for fiscal years beginning with July 1, 1965, taxpayer should henceforth be deemed to be a "contractor" within the pertinent statutory provisions. Hence, the Tax Appeal Court ruled that although taxpayer's claimed subcontracting deductions must be disallowed in T.A. No. 1148, said subcontracting deductions should be allowed in T.A. Nos. 1224, 1229, and 1288.

Because we do not find the 1965 change in the statute to be an unconstitutional one, as to which, see *infra*, part II, for purposes of this appeal, we find no reason to construe the post-1965 statutory scheme differently from the pre-1965 scheme. We turn then to the central legal issue involved on this appeal.

I.

HRS § 237-13(3) (B) provides, as to "tax upon contrac-

---

[1] The HRS designations used in this opinion refer to HRS prior to any amendments thereto effective subsequent to July 1, 1969. (No such amendments would be relevant to the time period involved on appeal.) Where the earlier statutory amendments are relevant, because said amendments effect a change in the pertinent statutes, such shall be indicated herein.

The use of such HRS designations is for simplicity. For some of the fiscal years here in issue (*i.e.*, July 1, 1963-June 30, 1968) in T.A. Nos. 1148, 1224, 1229, a section of R.L.H. 1955 would be the exact citation, as it would be for that portion of T.A. No. 1288 which concerns the fiscal year beginning July 1, 1968, and through February 18, 1969. According to S.L.H. 1968, Act 16, § 2, HRS became effective as the law of this state on February 19, 1969. Hence HRS is the exact citation for the portion of this appeal as concerns the time period February 19, 1969, through June 30, 1969. HRS designations may be used herein, because, except as noted, the counterparts in R.L.H. 1955 are either precisely or substantively identical thereto.

[2] This additional statutory provision was enacted under S.L.H. 1965, Act 201, § 36 and was made effective by S.L.H. 1965, Act 201, § 47, subject to approval of the Governor. Approval was on June 28, 1965. The constitutionality of this provision is discussed, *infra*, part II.

tors," that from gross income, upon which the general excise tax is computed as per HRS § 237-13(3) (A),[3] there shall be deducted so much of gross income as shall have been included "in the measure of the tax levied," under the pertinent provisions of the tax code, "on another taxpayer who is a contractor, as defined." Taxpayer argues that it comes within the terms of this tax statute, § 237-13(3), for "tax upon contractors." The Director of Taxation for the State of Hawaii argues to the contrary, and has consistently taxed taxpayer under § 237-13(6), or as a service business.

"Contractor" is defined for the purposes of the general excise tax law by HRS § 237-6(1) as follows:

§ 237-6 "Contractor" . . . defined. "Contractor" includes, for purposes of this chapter:

(1) Every person engaging in the business of contracting, to erect, construct, repair, or improve buildings or structures, of any kind or description, including any portion thereof, or to make any installation therein, or to make, construct, repair, or improve any highway, road, street, sidewalk, ditch, excavation, fill, bridge, shaft, well, culvert, sewer, water system, drainage system, dredging or harbor improvement project, electric or steam rail, lighting or power system, transmission line, tower, dock, wharf, or other improvements; . . . .

Taxpayer claims to be included within this definition by virtue of its business, same being the repair of boats and vessels. If boats and vessels may fairly be described as "structures," taxpayer's contention would be tenable. If repair of boats and vessels is not "repair . . . [of] structures . . .," taxpayer would not qualify as a statutory contractor for purposes of the excise tax, and hence would not be entitled to the subcontracting deductions allowed under HRS § 237-13(3) (B).

The pertinent words of HRS § 237-6(1) relied upon by taxpayer seem at first blush to be conceptually quite broad. Taxpayer strenuously presses the contention that its business

---

[3] During the times pertinent on this appeal HRS § 237-13(3) appears to have been amended only once, and this was by SLH 1965, Act 155, § 14(b), which enactment only changed the rate of taxation upon "contractors."

may conceivably be said to be ". . . repair . . . [of] structures, of any kind or description." However, we think it is clear that such statutory terms cannot fairly be stretched conceptually to include, as taxpayer contends, the repair of boats and vessels. We are impelled to hold that taxpayer's business cannot be "contracting," within the meaning of HRS § 237-6, for five separate and compelling reasons.

(1) The general rule for the proper construction of tax statutes has frequently been stated by this court, and is that the words of a revenue statute are not to be defined by resort to the esoteric and arcane materials of a law library, but rather are to be understood in their ordinary and popular sense. *In re Taxes, Johnson,* 44 Haw. 519, 530, 356 P.2d 1028, 1034 (1960); *Hawaiian Beaches v. Kondo,* 52 Haw. 279, 281, 474 P.2d 538, 540 (1970). *See also,* HRS § 1-14. It is quite clear that ships and vessels are not designated as, or referred to as, "structures," at least in the course of the ordinary and popular usage of the English language.

Over fifteen years ago this court dealt with, and rejected, a somewhat analogous argument offered by another taxpayer. In *Advertiser Publishing Co. v. Tax Com'r Fase,* 43 Haw. 154 (1959), *aff'd,* 279 F.2d 636 (9th Cir. 1960), taxpayer urged that its receipts from advertising should be taxable at the lower applicable rate for "manufacturers" rather than at the higher rates for a "service business" or for "other business." To this end, taxpayer argued that it was "engaged in manufacturing a newspaper as a commodity for sale," 43 Haw. at 156. The court held that the publisher of a newspaper was "not a manufacturer under the ordinary meaning of the word" *Id.* at 157. *See also,* 279 F.2d 636, 638, fn. 4a. In *Advertiser,* as here, any determination of whether or not a business is encompassed within a statutory description of a genetic form of commercial endeavor cannot rest on what is conceivable, or upon a rare and unusual usage for a key word, however technically correct such usage may be, but must rather depend on the normal, common, and popular usage of such key word. Taking judicial notice of the usual patterns of English language, it can no more be said that a ship is commonly referred to as a "structure" than it can be said that a news-

paper is "manufactured." It is the usual and ordinary signification of words that is relied upon by legislatures in their enactment of our laws.

(2) Even if we assume, *arguendo*, that HRS § 237-6(1) contains an ambiguity requiring definitive resolution by this court, we must still conclude that the phrase ". . . structures, of any kind or description . . ." is not intended to cover ships and vessels. Any doubt about this conclusion is, or ought to be, dispelled by a closer examination of the entire text of HRS § 237-6(1), set out, *supra*. The reference within the very same statute to specific forms of improvements suggest strongly that the legislature intended to cover therein only those repair (or other type) projects involving property that is on, or attached to, land or other real property.[4]

Taxpayer's argument that ships and vessels are "structures, of any kind or description" has no plausability when those very words are taken in the context of the remainder of the statute. To attribute an independent meaning to statutory terms that are ripped out of context is illogical and unwise, and against the recognized principles for the construction of statutes especially, *noscitur a sociis*,[5] and HRS § 1-15(1).

(3) Another principle of statutory construction, equally well established in this jurisdiction, is the proposition that exemptions from taxation are to be strictly construed against the taxpayer. *Honolulu Star Bulletin v. Burns*, 50 Haw. 603 446 P.2d 171 (1968); *In Re Taxes, Johnson*, 44 Haw. 519, 538-39, 356 P.2d 1028, 1038 (1960); *In Re Perry Tax Appeal*,

---

[4] Note the statutory references in HRS § 237-6(1) to "any highway, road, street, sidewalk, ditch, excavation, fill, bridge, shaft, well, culvert, sewer, water system, drainage system, dredging or harbor improvement project, electric or steam rail, lighting or power system, transmission line, tower, dock, wharf . . .", and the *failure* to refer therin to forms of *transportation* that function as *independent units not inseparably in contact with land or real property*, as, e.g., airplanes, automobiles, buses, and ships and vessels.

[5] *Noscitur a sociis* may be explained as a doctrine of statutory construction that requires that the more general and the more specific words of a statute must be considered together in determining the meaning of the statute, and that the general words are restricted to a meaning that should not be inconsistent with, or alien to, the narrower meanings of the more specific words of the statute. *Dunham v. State*, 140 Fla. 754, 192 So. 324 (1939). For a similar explanation of the doctrine of *noscitur a sociis*, see *Advertiser, supra*, 43 Haw. at 161.

36 Haw. 340, 346 (1943). Utilizing a broad meaning for the concept of "exemption from taxation," as was done in *Honolulu Star Bulletin, supra*, 50 Haw. at 605, 446 P.2d at 172-73 (1968), taxpayer's argument that a portion of its income should not be taxed because of taxpayer's alleged entitlement to subcontracting deductions must inevitably be rejected under well-established law. Even assuming *arguendo* that there were some doubt about whether taxpayer falls within the "contractor" definition of HRS § 237-6(1), that doubt normally should be resolved against taxpayer.

(4) An earlier usage by the legislature of terminology within an arguably ambiguous currently effective statute may sometimes be resorted to by appellate courts for guidance as to probable legislative intent. Our research into this area only bolsters our holding that taxpayer is not a "contractor" within HRS § 237-6(1), for the reason that the term "structures" within that statute was not intended by the legislature, and does not, conceptually include, within its broad reach, ships and vessels. That the legislature considers ships and vessels to be personal property, as in contradistinction to the real property designated in part by the term "structures", is evident from a comparison of the usages in the personal property tax statute and the real property tax statute enacted by our legislature and still in effect prior to repeal of the former by S.L.H. 1947, Act 111. See, C. 105, §5631, R.L.H. 1945; and C. 94, § 5101, R.L.H. 1945, respectively.

(5) Also of considerable significance is the decision of the Tax Appeal Court in 1955 in *Taxes, Hawaiian Dredging Company, Limited*, Cases No. 631, 632 (June 8, 1955). There, the Tax Appeal Court, in interpreting C. 101, Section 5448, R.L.H. 1945,[6] held that ships and vessels were not structures within the meaning of the tax statute. The legislature has had over nineteen years to change this result, and having failed to do so, it may fairly be concluded that the legislature has tacitly approved this 1955 Tax Appeal Court holding as an authoritative and correct explication of the meaning of the

---

[6] As quoted by the Tax Appeal Court, the language of this statute is, with only one very insignificant difference, identical to that of its successor statutes involved on this appeal, HRS § 237-6(1), and its predecessor § 117-7(a), R.L.H. 1955.

statutory term "structures." With reference to a dispute about the meaning of another tax statute, we said in *Honolulu Star-Bulletin v. Burns*, 50 Haw. 603, 607, 446 P.2d 171, 173 (1968): "Since the pertinent statute was construed by the court in *Advertiser*,[7] the legislature has had abundant opportunity to give the statute a differing meaning. Its failure to do so amounts to legislative approval of such judicial construction, giving it the effect of legislation." [Citations omitted.]

## II.

In the decision below, the Tax Appeal Court found merit in taxpayer's constitutional argument that the equal protection clauses of the federal and state constitutions[8] were violated by the legislative enactment of S.L.H. 1965, Act 201, § 36. This legislative enactment became HRS § 237-6(2),[9] and explicitly adds to the primary and general definition of "contractor" set out in HRS § 237-6(1), the following businesses: ". . . . Every person engaging in the business of architecture and engineering, as defined in Section 464-1." Taxpayer argues that its business of repairing ships and vessels is more like the business activities described in HRS § 237-6(1) than are the business activities in HRS § 237-6(2). Since taxpayer's business has been classified as a service business under HRS § 237-13(6), which statute provides for no such deductions as under HRS § 237-13(3) (B), and since architects and engineers are defined as "services" by HRS § 464-1,[10] but are permitted the deductions allowable under HRS § 237-13(3) (B), by

---

[7] Reference is made to *Advertiser Publishing Co. v. Fase*, 43 Haw. 154 (1959), *aff'd*, 279 F.2d 636 (9th Cir. 1960). The time elapsed between *Advertiser* and *Star-Bulletin* is thus considerably *shorter* than that elapsed here between *Taxes, Hawaiian Dredging Company, Ltd.* and the case at bar.

[8] U.S. Const., Fourteenth Amendment; Haw. Const., Article I, Sec. 4.

[9] HRS § 237-6(2) has been further amended, to add thereto certain other business as "contractors" including land surveying and landscape architecture. S.L.H. 1971, Act 204, § 3. Because of their date of enactment, these new provisions are not relevant to this appeal.

[10] The definitions of "architecture" and "engineering" in HRS § 464-1(4) and (5), respectively, are indeed quite broad and include "any professional service" in those fields.

virtue of HRS § 237-6(2), the entire legislative classification is argued to be discriminatory against taxpayer and a denial of equal protection of the laws.

The fatal difficulty with taxpayer's argument is that where, as here, discrimination is of a "non-suspect" or "non-invidious" variety, such discrimination is not unconstitutional if there is *any* rational basis for such classification. Such discrimination is only a violation of equal protection if it is totally arbitrary or capricious. Furthermore, it is well established that anyone "who questions the constitutionality of a statute on equal protection grounds has the burden of showing, with convincing clarity, that the challenged classification does not 'rest upon some ground of difference having a fair and substantial relation to the object of the legislation.' " *Hasegawa v. Maui Pineapple Co.*, 52 Haw. 327, 330, 475 P.2d 679, 681 (1970).

It is clear that taxpayer has not, and cannot, carry the burden of demonstrating this statutory classification for tax purposes to be unconstitutional and hence invalid. Particularly in the area of the enactment of tax or revenue statutes, wide discretion is permitted to the states. *Allied Stores v. Bowers*, 358 U.S. 522 (1959). In *Allied Stores*, the Court held discrimination in favor of a certain class for tax purposes is not *per se* arbitrary, and hence unconstitutional, if such discrimination represents a reasonable distinction reflecting state policy and "if any state of facts reasonably can be conceived that would sustain it." 358 U.S. at 528. Moreover, it has also been held that "[i]t is not the function of this Court in cases like the present to consider the propriety or justness of the tax, to seek for the motives or to criticize the public policy which prompted the adoption of the legislation. Our duty is to sustain the classification adopted by the legislature if there are substantial differences between the occupations separately classified." *Tax Commissioners v. Jackson*, 283 U.S. 527, 537-38 (1931).

Under these applicable constitutional principles, we cannot hold unconstitutional the statutory scheme that excludes the taxpayer's type of business from the classification of those benefited by being able to legally claim subcontracting

deductions, even though the pertinent statutes do so benefit other enterprises with which taxpayer claims affinity as to form and nature of business. Nor can we say that the legislation is unconstitutional for including within that group (who may claim subcontracting deductions) those businesses described in HRS § 237-6(2), which are, or may be, *less* similar than taxpayer to those described in HRS § 237-6(1). The cases are legion upholding tax statutes containing similar distinctions in treatment between businesses. *Bradley v. Richmond,* 227 U.S. 477 (1913); *Singer Sewing Machine Co. v. Brickell,* 233 U.S. 304 (1914).

Keeping in mind that it is our function only to seek to adduce any state of facts that can reasonably sustain the classification statute here challenged, we think such classification statute can pass constitutional muster and be justified as a means to encourage and assist those businesses concerned with the development of the *land* of this state through the building thereon of modern structures and other improvements. A tax incentive encouragement to one form of enterprise is not a violation of equal protection. *Allied Stores, supra* at 528. It is not within our role to evaluate the wisdom of such state policy, but only to discover that *some* policy does exist.[11] If the classification statute, as here, is arguably tailored to serve the policy, it is not arbitrary or capricious, and hence is constitutional under the equal protection clauses.

Judgment in T.A. No. 1148 is affirmed. Judgments in T.A. Nos. 1224, 1229, and 1288 are reversed.

*Richard Y. Wada,* Deputy Attorney General, State of Hawaii, for appellant.

*Hiram L. Fong, Jr., (Fong, Miho & Robinson* of counsel) for appellee.

---

[11] We need not even know with any degree of precision exactly what are these special reasons, motives, or policies of the legislature in enacting a tax statute. *Allied Stores, supra* at 528.