**STATE OF HAWAII**, Plaintiff–Appellee, v. **ARTEMIO A. DELEON**, Defendant–Appellant

NO. 14875

(FC–CR. NO. 90–2240)

JULY 18, 1991

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction for abuse of a family or household member (HRS § 709–906). That statute provides in pertinent part:

It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member . . . .

For the purposes of this section, "family or household member" means spouses or former spouses, parents, children, and persons jointly residing or formerly residing in the same dwelling unit.

The essential facts do not appear to be in dispute.

On May 24, 1990, appellant arrived home at approximately 4:30 p.m. Over the previous year, he had repeatedly told his 14-year-old daughter, Penelope, that part of the house rules were that he didn't want her friends coming to the house. He told her that he didn't want them over because he didn't want her to hang around with them and because they were a bad influence. The daughter testified that her father told her every day not to have her friends to the house. Even so, Penelope's friends were usually there when he came home from work. Appellant had told Penelope that if she violated the house rules, he would spank her with a belt. Nevertheless, according to her testimony, she deliberately brought her friends home every day.

On the day in question, appellant heard Penelope and her friends in the house and a girl was crying. Three friends were with Penelope in her room. Appellant called Penelope out of her room and asked what happened to Lee (the friend who was crying). He got no satisfactory answer. He told Penelope's friends to go home but they refused. At this point, appellant hit Penelope from six to ten times, with a crisscross motion, on her stretch pants, above the knees, with a 36-inch long belt, folded in two. The belt was one and one-half inches wide. Penelope testified that she felt a little pain, that the spanking stung her, and that the pain lasted an hour and a half. She had bruises for about a week. She cried for half an hour. About 10 to 15 minutes after the spanking, appellant cut Penelope's waist-long hair to about level with her neck. Penelope then went outside by the wall with her friends.

Her friend Raynelle felt bumps through Penelope's pants' legs about half an hour after her hair had been cut.

After the spanking, two of the friends ran over to the next door neighbor's house and called the police. Penelope was crying when the police came. They took her to the police station and to Kapiolani Hospital. She did not need any medication and there was no bleeding.

The police officer testified that at 6:00 p.m., he checked Penelope's legs and parts of her body for injuries. He found some reddish, welt–type, raised skin above Penelope's knee joints. The raised skin area was about three to three and a half inches wide and about four and a half to five inches long. The raised skin covered the front part of the knee and slightly wrapped around the leg. The injuries at the time of the inspection were turning from red to darker grey or blue.

Appellant relies upon HRS § 703–309 which provides in part as follows:

> The use of force upon or toward the person of another is justifiable under the following circumstances:
>
> (1) The actor is the parent or guardian or other person similarly responsible for the general care and supervision of a minor, or a person acting at the request of such parent, guardian, or other responsible person, and:
>
> (a) The force is used for the purpose of safeguarding or promoting the welfare of the minor, including the prevention or punishment of his misconduct; and
>
> (b) The force used is not designed to cause or known to create a substantial risk of causing death, serious bodily injury, disfigurement, extreme pain or mental distress, or gross degradation.

Appellant argues that his use of the belt on Penelope, and his cutting of her hair at shoulder length, were not actions proscribed

by HRS § 703–309(1)(b). The trial court found that the hair cutting was not gross degradation, and we agree.

The trial judge however found appellant guilty of causing "extreme pain" to Penelope and so convicted him of the crime charged. We disagree and reverse.

Extreme pain is not defined in the statute. To determine its meaning therefor we must look to the other results arising from the use of force by a parent against a child which are forbidden by the statute. They are death, serious bodily injury, disfigurement, extreme mental distress and gross degradation.

HRS § 1–15(1) provides:

Where the words of a law are ambiguous:

> (1) The meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning.

This is but a statutory rephrasing of the ancient canon of construction, *noscitur a sociis*, which has guided this court in construing statutes in the past. *See In re Pacific Marine & Supply Co.*, 55 Haw. 572, 524 P. 890 (1974); *Advertiser Publishing Co. v. Fase*, 43 Haw. 154 (1959). As Justice Stainback aptly put it in *Fase*:

> There is a rule of construction embodying the words *noscitur a sociis* which may be freely translated as "words of a feather flock together," that is, the meaning of a word is to be judged by the company it keeps.

43 Haw. at 161.

Given the facts here, viewed in the light most favorable to the State, the pain inflicted upon Penelope by her father in the course of the incident in question, does not come, in degree, anywhere near death, serious bodily injury, disfigurement, extreme mental distress or gross degradation. It therefore was *not*, as a matter of law, serious pain. Appellant's conduct in the incident in question

therefore was justified under HRS § 703–309(1)(a) and (b), and consequently was not a violation of HRS § 709–906.

The judgment below is reversed. Reversed.

*Susan Arnett* (*Winston D.M. Ling* on the brief), Deputy Public Defenders, for appellant.

*James M. Anderson*, Deputy Prosecuting Attorney, for appellee.