GENEVIE MOMILANI KAINA, Plaintiff-Appellant,
v.
MARK P. GELLMAN, D.O.; CHERYL VASCONCELLOS; HANA COMMUNITY HEALTH CENTER; DOES 1-20, inclusive, Defendants-Appellees
No. 29351
Intermediate Court of Appeals of Hawaii.
July 28, 2009.
On the briefs:
Dennis L. Buckley, for Plaintiff-Appellant.
William A. Bordner, John Reyes-Burke, (Burke McPheeters Bordner & Estes), for Defendants-Appellees.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, FUJISE, and LEONARD, JJ.
Plaintiff-Appellant Genevie Momilani Kaina (Kaina) appeals from the "Order Denying Plaintiff's Motion for Reconsideration of the Order Granting Defendants' Motion for Taxation of Costs Filed April 4, 2008" (Order Denying Motion for Reconsideration) filed on August 12, 2008[1] in the Circuit Court of the Second Circuit (circuit court).[2]
The only issue raised on appeal is whether the Order Granting Defendants' Motion for Taxation of Costs (Order Granting Costs) was invalid because it was filed more than 90 days after the filing of the Motion for Taxation of Costs (Motion for Costs). We disagree with Kaina and hold that the Order Granting Costs was valid.
This case arose out of an automobile accident in which Kaina's son sustained serious injuries. Kaina's son was transported to Hana Community Health Center (HCHC), where he was treated by Mark P. Gellman, D.O., (Gellman) and others and subsequently died. Kaina filed a complaint against Gellman, Cheryl Vasconcellos (Vasconcellos), Executive Director of HCHC, and HCHC (collectively, Defendants) for medical malpractice and negligent hiring, training, retention, and supervision.
On February 21, 2007, Kaina filed Plaintiff's Motion for Voluntary Dismissal of Entire Action with Prejudice and Reservation of Right of Appeal. On March 14, 2007, the circuit court filed the Order Granting Plaintiff's Motion for Voluntary Dismissal of Entire Action with Prejudice and Reservation of Right of Appeal.
On July 30, 2007, Defendants filed the Motion for Costs, which Kaina opposed.
On March 5, 2008, the circuit court filed an Amended Order Granting, in Part, Plaintiff's Motion for Voluntary Dismissal of Entire Case with Prejudice and Reservation of Right of Appeal (clarifying that the circuit court granted Kaina's motion for voluntary dismissal of the entire action with prejudice, but did not grant a reservation of the right to appeal and left the issue of appellate jurisdiction to the appellate courts) and a Final Judgment.[3]
On March 5, 2008, the circuit court also filed the Order Granting Costs, awarding costs in the amount of $34,398.58 to Defendants and against Kaina. Thirty days later, Kaina filed a Motion for Reconsideration of the Order Granting Defendants' Motion for Taxation of Costs (Motion for Reconsideration), citing to the Rules of the Circuit Courts (RCC) Rule 7 and Hawai`i Rules of Appellate Procedure (HRAP) Rules 4 and 4(a)(3). The circuit court held a hearing on Kaina's Motion for Reconsideration on April 23, 2008 and orally denied the motion. On August 12, 2008, the circuit court filed the Order Denying Motion for Reconsideration and the Judgment for Costs. Kaina filed a Notice of appeal on September 11, 2008.
The standard of review applicable to a circuit court's ruling on a motion for reconsideration is an abuse of discretion. Cho v. State, 115 Hawai`i 373, 381, 168 P.3d 17, 25 (2007). The interpretation of a court rule is reviewed de novo. Sierra Club v. Dep't of Transp. of State of Hawai`i, 120 Hawai`i 181, 197, 202 P.3d 1226, 1242 (2009).
Preliminarily, Defendants question the scope of Kaina's appeal. Kaina's appeal is properly before this court for the limited purpose of reviewing the Order Denying Motion for Reconsideration. Kaina's Motion for Reconsideration was in the nature of a Hawai`i Rules of Civil Procedure (HRCP) Rule 60(b)(4) motion for reconsideration. The Order Denying Motion for Reconsideration was an appealable final order. Kaina's notice of appeal was timely with respect to the Order Denying Motion for Reconsideration.
HRCP Rule 60(b)(4) applies to motions for relief from a final order for the reason that "the judgment is void." Kaina argued that the Order Granting Costs was void because, pursuant to HRAP Rule 4(a)(3), the Motion for Costs had been automatically denied ninety days after it was filed where no order was entered by the circuit court within that 90 days. Therefore, although Kaina failed to cite to HRCP Rule 60, it appears that the Motion for Reconsideration was in fact an HRCP Rule 60(b)(4) motion.[4]
A post-judgment order granting an award of costs is an appealable final order.[5] See Ditto v. McCurdy, 103 Hawai`i 153, 157, 80 P.3d 974, 978 (2003). As a final order, the post-judgment Order Granting Costs was subject to an HRCP Rule 60 motion for reconsideration. "Indeed, by its terms, Rule 60(b) only applies to a `final judgment, order, or proceeding.' [The Hawai`i Supreme Court] has defined `final order' to mean `an order ending the proceedings, leaving nothing further to be accomplished.'" Cho, 115 Hawai`i at 382-83, 168 P.3d at 26-27 (footnote omitted). The Order Denying Motion for Reconsideration was therefore an appealable order. See Ditto, 103 Hawai`i at 160, 80 P.3d at 981.
Although we determine that Kaina's appeal from the Order Denying Motion for Reconsideration was timely, we disagree with Kaina's argument that the automatic denial provision of HRAP should apply to a civil proceeding in circuit court in the absence of an appellate proceeding. The rules of construction limit the application of the rules of appellate procedure to appellate proceedings.
HRAP Rule 1(a) provides that "[t]hese rules govern all proceedings in the Hawai`i appellate courts except as otherwise provided by statute, Rules of the Supreme Court, or Rules of the Intermediate Court of Appeals." HRAP Rule 1(a) on its face limits application of appellate court rules to the appellate courts by excluding reference to other courts. "This court has consistently applied the rule of expressio unius est exclusio alterius  the express inclusion of a provision in a statute implies the exclusion of another  in interpreting statutes." Fought & Co. v. Steel Eng'g & Erection, Inc., 87 Hawai`i 37, 55, 951 P.2d 487, 505 (1998). HRAP Rule 1(a) refers only to appellate courts and therefore excludes proceedings in the circuit court.
The title of HRAP Rule 4(a)(3) is "Time to Appeal Affected by Post-Judgment Motions." "In construing an act, the title may be resorted to for the purpose of ascertaining the meaning of the act." Spears v. Honda, 51 Haw. 1, 17, 449 P.2d 130, 139 (1968); see also Honolulu Star Bulletin, Ltd. v. Burns, 50 Haw. 603, 606, 446 P.2d 171, 173 (1968); State v. Willburn, 49 Haw. 651, 652 n.1, 426 P.2d 626, 628 n.1 (1967). The title of HRAP Rule 4(a)(3) limits the application of the rule to the time to appeal. There is no indication from the title or the body of the rule that the rule should operate for any reason other than to determine the time for filing the notice of appeal.
Based on the foregoing, it appears that the circuit court did not abuse its discretion when it denied the motion for reconsideration.
Therefore,
IT IS HEREBY ORDERED that the "Order Denying Plaintiff's Motion for Reconsideration of the Order Granting Defendants' Motion for Taxation of Costs Filed April 4, 2008" filed on August 12, 2008 in the Circuit Court of the Second Circuit is affirmed.
NOTES
[1] In Kaina's notice of appeal, she purports to appeal from the Judgment for Costs filed on August 12, 2008. However, the timing of the filing of the notice of appeal and the issue raised on appeal only support an appeal from the Order Denying Motion for Reconsideration.
[2] The Honorable Joseph E. Cardoza presided.
[3] On August 21, 2007 a final judgment was filed in the circuit court with the wrong civil number in the caption. The mistake was discovered in December 2007, and a corrected form of the final judgment was submitted to the court.
[4] The Motion for Reconsideration is not an HRCP Rule 59 motion for reconsideration because it does not seek reconsideration of a judgment and was not filed within 10 days of the Order Granting Costs.
[5] The Order Granting Costs was the appealable order and the Judgment for Costs was unnecessary in the context of an appeal. The separate judgment requirement does not apply to post-judgment orders. Ditto, 103 Hawai`i at 158-59, 80 P.3d at 979-80.