JULIA DEBUSCA PIA *v.* WILLIAM RAPOZO.

No. 4054.

ARGUED MARCH 18, 1959.                    DECIDED MARCH 30, 1959.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY STAINBACK, J.

The petitioner-appellant herein filed a petition on August 21, 1956, alleging that she is an unmarried female residing at Kapaa, Kauai; that on the 10th day of March, 1955, she gave birth to an

illegitimate female child; that said child was conceived during the month of June, 1954, at Kapaa, Kauai; that the defendant-appellee, Rapozo, was the father of said child; that the child is now alive, has not been legitimatized or emancipated, and petitioner prayed defendant be adjudged the father of the child and ordered to pay for the support, maintenance and education of the child. The defendant entered a plea of not guilty. A jury-waived trial was held August 27, 1957, before the Honorable Benjamin M. Tashiro, judge of the fifth circuit court. The court found for the defendant and entered its decision and order dismissing the action, from which the petitioner appealed to this court.

The petitioner testified that she and the defendant worked on the same night shift at the Hawaiian Fruit Packers Company, Limited, during the summer of 1954; she testified she had sexual intercourse with defendant during the months of June and July, 1954; that sexual intercourse occurred two or three times weekly and no contraceptive devices were used at any time, and that she did not have sexual intercourse with anyone else during such period.

Another employee of the company testified that she worked with the petitioner and the defendant during the summer of 1954, and that she and the defendant and petitioner very often went out in the evenings.

There was testimony of Dr. Kuhns that he delivered the child on March 10, 1955, and that the child was in every respect normal.

Defendant, summoned to take the stand as a hostile witness, refused to answer questions that might incriminate him, as he had a right to do (*Territory* v. *Lanier*, 40 Haw. 65), and rested his case after petitioner had submitted her case.

Appellant contends that the court below erred in its decision "in that said decision lacks even a scintilla of evidence to support it." The burden is upon appellant to show by a preponderance of the evidence that appellee was the father of her child and the question, therefore, is whether the court committed error in holding that the appellant had failed in her burden of proof.

If the evidence is of an unsatisfactory nature, even though the opposite party offers no evidence, it cannot be said as a matter of law that the burden of proof has been sustained.

The syllabus in *State ex rel. Carmons* v. *Woods,* 102 Kan. 499, 170 Pac. 986, stated:

> "A jury is not warranted in arbitrarily or capriciously reject-ing the testimony of a witness, but neither are they required to accept and give effect to testimony which they find to be unre-liable, although it may be uncontradicted."

A number of cases hold that although witnesses are not contra-dicted, a jury may disregard their testimony if they honestly regard it to be unreliable.

In *Cobe* v. *Coughlin Hardware Co.,* 83 Kan. 522, 525, 112 Pac. 117, 31 L. R. A. (N. S.) 1126, where it was insisted that there was no opposing testimony and the court should direct a verdict, it was said that "a court or jury is not required to accept a statement of a witness as conclusive, although there may be no direct evidence contradicting his statements, and hence the court could not direct the verdict."

In *Burns* v. *Radoicich et al.,* 77 Cal. App. (2d) 697, 176 P. (2d) 77, the following statements are made:

> "Generally, a trial court may not arbitrarily disregard the unimpeached testimony of a witness, but the rule has excep-tions."

> "A trial court is not bound to accept testimony of a witness merely because it is not contradicted, but verity of such testi-mony is to be tested in light of all of the circumstances, and interest of the witness in the outcome of the litigation is of importance in weighing his testimony."

In *Garland* v. *Hirsh,* 169 P. (2d) 405 (1946), it was held that the jury was the sole judge of the credibility of the witnesses and was free to disbelieve them even though they were uncontradicted if there was any rational ground for doing so.

In *Huth* v. *Katz,* 184 P. (2d) 521, 523 (1947), the court stated:

> "The trial court, however, was not required to believe that their testimony was true and accurate in every particular. In pass-ing on the credibility of witnesses and the weight to be given

their testimony, the trier of fact is entitled to consider their interest in the result of the case, their motives, the manner in which they testify, and the contradictions appearing in the evidence."

In *Fire Association of Philadelphia* v. *Weathered*, 54 F. (2d) 779 (5th Cir. 1932), the court stated:

"While positive testimony is to be preferred to negative testimony, positive, uncontradicted testimony may be disregarded by the jury because of its inherent improbability." (Citing *Quock Ting* v. *United States*, 140 U. S. 417 [1891].)

We shall not review the petitioner's testimony in detail. However, it appears that after petitioner divorced her husband in 1948 she had three illegitimate children, claiming that each had a separate father; also, prior to 1954, it appears that she lived in cohabitation with one Alfred Balalay in Honolulu. It further appears that she also was still on friendly terms with this individual up to the bringing of this proceeding in 1956; that he gave her a present of an automobile on Mother's Day in 1954; her testimony also discloses that she made frequent visits to Honolulu during the spring of 1954 and that she was uncertain how many trips she made to Honolulu between January and June, 1954; being pressed, she stated she made a trip about every two months, or three or four trips, and she saw Alfred Balalay on these trips although she denied having intercourse with him during this period. When questioned as to when was the last trip she made to Honolulu in 1954, she replied she did not remember, and she did not remember in what month it was. Even when a leading question was asked, she did not remember that her last visit to Honolulu was in May. She testified that Alfred Balalay gave her the car in May and it was shipped to her the second Sunday in June. The car was given to her on Mother's Day but she denied he was the father of any of her children.

It also may be of significance that more than a year elapsed subsequent to the birth of her child before petitioner made her charge against the defendant; further, on August 9, 1956, another illegitimate child was born to the petitioner, whose father she claimed was one Simplicio Acain.

Affirmed.

*Toshio Kabutan,* County Attorney Kauai County (*Morris S. Shinsato,* Deputy County Attorney on the briefs), for appellant.

*Oliver P. Soares* (also on the brief) for appellee.