JANE DOE II, Petitioner-Appellee, *v.* RICHARD ROE II, Respondent-Appellant

NO. 7845

(FC-P 699)

JUNE 28, 1982

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE WAKATSUKI ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY BURNS, C.J.

This is a case involving the Hawaii Uniform Parentage Act (HUPA), HRS chapter 584 (1976, as amended). Respondent Richard Roe II (No. 1)[1] appeals the lower court's judgment declaring him to be the child's father. We affirm.

About the sixth month of her pregnancy, petitioner Jane Doe II, an unmarried woman, applied for welfare assistance and named No. 2 as the father. On January 20, 1978, she gave birth to a female child. In December of 1978 petitioner advised the Department of Social Services and Housing that No. 2 was a fictitious person and that respondent was the father.

Trial was held on September 27, 1979, and September 28, 1979, At trial, respondent admitted to having sexual intercourse with petitioner on various occasions but denied that any of the occasions were during the critical period when conception must have occurred. *Almeida v. Correa*, 51 Haw. 594, 465 P.2d 564 (1970). He also attempted to show that other men had access during the critical period. Apparently in furtherance of this attempt, upon stipulation of counsel at the end of trial, the case was continued "for sixty days for attempted service on [No. 6] and on [No. 3]." The sixty days passed without service being made, and on January 8, 1980, the trial judge entered judgment declaring respondent to be the female child's father.

Respondent raises three issues on appeal. We will deal with them seriatum.

I.

Respondent contends that the trial court should have required the degree of proof to be clear and convincing evidence rather than a preponderance. For the following reasons we reject respondent's contention:

1. Hawaii case law prior to the enactment in 1975 of the HUPA set the degree of proof required in establishing paternity

---

[1] In compliance with Hawaii Revised Statutes sections 571-84 and 584-20 and Rule 7(d) of the Rules of the Intermediate Court of Appeals (1980), we maintain the anonymity of the persons or parties involved by the use of pseudonyms.

at a preponderance. *Pia v. Rapozo*, 43 Haw. 199 (1959); *Territory v. Good*, 27 Haw. 8 (1923). When the legislature enacted the HUPA in 1975, it did not change the applicable degree of proof which had been established by prior case law and is deemed to have approved that standard. *Honolulu Star Bulletin v. Burns*, 50 Haw. 603, 446 P.2d 171 (1968).

2. Respondent never asked the court to apply a standard other than preponderance of evidence and is precluded from doing so on appeal. *Earl M. Jorgensen Co. v. Mark Const. Inc.*, 56 Haw. 466, 540 P.2d 978 (1975). In his "Final Written Arguments," filed December 17, 1979, respondent concluded: "Petitioner has not shown by a preponderance of the evidence that Defendant is the father of her child."

3. Although no jurisdiction which has adopted the Uniform Parentage Act (UPA) has addressed the degree of proof issue under the act, it is well-established that where (as here) paternity proceedings are regarded as civil in character, the general rule is that the degree of proof need be only by a preponderance of evidence. 10 AM. JUR.2d, *Bastards*, § 107 (1963); *People ex rel Cizek v. Azzarello*, 81 Ill..App.3d 1102, 401 N.E.2d 1177 (1980); *Isaacson v. Obendorf*, 99 Idaho 304, 581 P.2d 350 (1978); *Huntingdon v. Crowley*, 51 Cal. Rptr. 254, 414 P.2d 382 (1966); *Berry v. Chaplin*, 74 Cal. App.2d 652, 169 P.2d 442 (1946).

## II.

Respondent contends that the trial court erred in sustaining petitioner's objection to a question which his counsel asked him. We quote the relevant exchange:

Q. (By Mr. Roehrig) [Respondent], do you know by anything that was said to you by [petitioner] whether or not, during the period of — from April 'til May of 1977 that she had intercourse with either [No. 4] or [No. 3] or [No. 5], or had the possibility of intercourse with them based on what she said to you?

MRS. HASEGAWA: Your Honor, again I would object. Section 584-14(c), unless persons named by the defendant have undergone or made available to the Court blood tests results, the results of which do not exclude the possibility of their paternity of the child.

THE COURT: Sustained.

Q. (By Mr. Roehrig) At anytime, [respondent] when you went to pick up [petitioner] in the morning or bring her back at night, were there any other adult males present where she was staying during the period of conception?

A. Yes, on occasion.

Q. And do you know who those persons were?

A. No. I know one person by the first name of [No. 2].

Q. And did you have any discussion with [petitioner] regarding the coincidence between the name [No. 6] and the name that appears on the Kohala records regarding who the supposed absent father was? That is, [No. 2].

MRS. HASEGAWA: Your Honor, again the defendant is trying to get in what he cannot do if he had asked directly as to certain persons during — if that certain persons had intercourse with the petitioner during the probable time of conception. And again I state that Section 584-14 —

THE COURT: I think it's a good — She did name a [No. 2] as being the father in the DSSH records. Overruled.

Q. (By Mr. Roehrig) Could you answer the question?

A. Yes, she referred — When we discussed the name, uh, my — my thought was that she referred to [No. 2] as the same [No. 6] that I had met on several occasions.

Q. Is this from what she told you?

A. Yes.

HRS Section 584-14(c) (1976) provides as follows:

§ 584-14 *Civil action; jury.* * * *

(c) In an action against an alleged father, evidence offered by him with respect to a man who is not subject to the jurisdiction of the court concerning his sexual intercourse with the mother at or about the probable time of conception of the child shall be admissible in evidence only if he has undergone and made available to the court blood tests the results of which do not exclude the possibility of his paternity of the child.

HRS Section 584-14(c) applies only "to a man who is not subject to the jurisdiction of the court concerning his sexual intercourse with the mother at or about the probable time of conception of the child. . . ." The question we must decide is, who is and who is not

"subject to the jurisdiction of the court." Two categories are apparent:

1. The man who is physically present in Hawaii.
2. The man who has had sexual intercourse in Hawaii.[2]

At this point a difference between the HUPA and the UPA is relevant. The last sentence of UPA's section 14(c) mandates: "A man who is identified and is subject to the jurisdiction of the court shall be made a defendant in the action." Uniform Parentage Act (U.L.A.) § 14(c). Thus, under the UPA there is a built-in test to determine whether the man in question is factually subject to the jurisdiction of the court. If reasonable attempts to make the man in question a defendant via authorized service are unsuccessful, then he is not "subject to the jurisdiction of the court."

However, when the HUPA was adopted, the last sentence of section 14(c) of the UPA was omitted. The House Judiciary Committee's reason for the deletion was as follows: "Section 13(c) [14(c)] of the chapter was amended by deleting the last sentence of subparagraph (c) relating to a man who is identified and is subject to the jurisdiction of the Court becuase [sic]of procedural problems which could arise because of the vagueness and imprecision of the language as it appeared in H.D. 1. In reviewing the act, your Committee could see no substantial effect of the language on the rest of the chapter, so has deleted the entire sentence which read 'A man who is identified and is subject to the jurisdiction of the Court shall be made a defendant of the action', the statement made in relation to who could be brought in a civil action in this State." H. Stand. Comm. Rep. No. 437, *reprinted in* House Journal 1154, 1155 (1975).

Thus, when the legislature amended UPA's section 14(c), it did not intend to redefine those "not subject to the jurisdiction of the court" but did so expressly upon the misunderstanding that the deletion would have "no substantial effect . . . on the rest of the chapter. . . ."

---

[2] HRS section 584-8, HUPA's special long arm statute, provides:

§ 584-8 *Jurisdiction; venue.* * * *

(b) A person who has sexual intercourse in this State thereby submits to the jurisdiction of the courts of this State as to an action brought under this chapter with respect to a child who may have been conceived by that act of intercourse. In addition to any other method provided by statute, including section 634-35, personal jurisdiction may be acquired by service in accordance with section 634-25.

The Commissioner's Comment to UPA section 14(c) says that it deals

> with the problem of the *exceptio plurium concumbentium* and, more specifically, the problem of perjured testimony concerning alleged sexual access to the mother offered by other men on behalf of the alleged father. It is recognized that in rare cases, these provisions may result in the exclusion of "honest" evidence. However, the Committee concluded that this is outweighed by the need for closing the door to the wanton attacks on the mother's character that characterize too many paternity suits under present law.

In our view, we have no practical alternative but to rule that HUPA section 14(c) shall be interpreted and applied as if the sentence had not been deleted. We hold that for purposes of HUPA section 14(c) a man is "not subject to the jurisdiction of the court concerning his sexual intercourse with the mother at or about the probable time of conception of the child" unless and until he is "made a defendant [respondent] in the action."

In this case, Nos. 2, 3, 4, 5, and 6 were not made respondents and had not undergone blood tests.

The respondent was given sixty days to attempt service on Nos. 6 and 3 (during which time he also had the opportunity to locate Nos. 4 and 5) but service was not made and judgment was thereafter entered. Consequently, we conclude that respondent was afforded a fair opportunity but was unable to show that HUPA section 14(c) did not bar his question. Consequently, we hold that the lower court did not err when it would not allow him to offer evidence concerning Nos. 3, 4, and 5.

## III.

Respondent contends that the trial court erred in ruling that respondent could not ask petitioner whether she had told her psychiatrist that respondent was the father of the child.

Factually, this is what occurred:

Q. (By Mr. Roehrig) Did you tell Dr. ["X"] that [respondent] was the father of your child?

A. I didn't have to.

Q. Did you ever expressly tell him when you went to see him?

MRS. HASEGAWA: Your Honor, I have to object as it is a physician-patient privilege.

\* \* \* \* \*

THE COURT: \*.\* \* The ruling of the Court is that the doctor-client relationship privilege objection will be sustained and is applicable here.

Respondent argues that petitioner previously waived her physician-patient privilege when, at a deposition prior to trial, she admitted, without objection, that she did not tell her psychiatrist that respondent was the father of the child.

Petitioner's only argument in support of the trial court's action is that "defendant [respondent] is precluded on appeal from referring to the contents of the Petitioner's deposition because Defendant [respondent] failed to properly offer the deposition in evidence." We disagree.

Respondent asserted the waiver argument at trial, and, in support of that contention, his counsel represented to the court that petitioner had testified at her deposition[3] as to what she did and did not tell her psychiatrist. Petitioner did not at trial and does not on appeal disagree with that representation. For purposes of the ruling on the motion, it was and is an assumed fact. Consequently, we hold that the issue is ready for decision on appeal, and we will rule on it.[4]

We conclude that the lower court's ruling was erroneous. The physician-patient privilege is a statutory creation. *Felber v. Foote,* 321 F. Supp. 85 (D. Conn. 1970). The statute applicable in this case was HRS section 621-20.5 (1976). That section prohibits a physician from testifying in a civil case without his or her patient's consent. However, we are unable to find anything in HRS section 621-20.5 (1976) or in any other statute in effect when this case was tried which says that the patient could refuse to divulge what he or she told his or her physician. Dictum to the contrary in the headnote of *United States v. Kekauoha,* 3 U.S. Reports District Court Hawaii 259 (1907), was

---

[3] The unopened deposition is part of the record on appeal.

[4] In our view petitioner's argument relates to the requirements of HRS section 621-23 (1976) as discussed in *Kekua v. Kaiser,* 61 Haw. 208, 601 P.2d 365 (1979), and is irrelevant to the facts in this case.

erroneous. It was not until the enactment of Rule 504, Hawaii Rules of Evidence, chapter 626, Hawaii Revised Statutes, effective January 1, 1981, that a privilege was created covering both patient and physician.

However, under Rule 61, Hawaii Rules of Civil Procedure,[5] the error was harmless. This was a bench trial, and the petitioner's answer to the prior question had effectively supplied the answer to the question under consideration. In such circumstances, we think the error, if any, did not affect a substantial right of the respondent. *Kekua v. Kaiser Foundation Hospital,* 61 Haw. 208, 601 P.2d 364 (1979).

Affirmed.

*Stanley H. Roehrig* for respondent-appellant.

*Geraldine N. Hasegawa,* Deputy Corporation Counsel, County of Hawaii; and *Terrance R. Shumaker* for petitioner-appellee.

---

[5] *See also* Rule 103(a), Hawaii Rules of Evidence, chapter 626, Hawaii Revised Statutes, effective January 1, 1981.