JANE DOE III, Petitioner-Appellee, *v.* RICHARD ROE III, Respondent-Appellant

NO. 8253

(FC-P NO. 511)

JULY 21, 1982

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE WAKATSUKI
ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY BURNS, C.J.

This is an action under the Hawaii Uniform Parentage Act (HUPA) (HRS chapter 584, 1976, as amended). Petitioner Jane Doe,

III, gave birth to a six-pound six-ounce female child on October 18, 1965. She filed this action on May 12, 1978. Respondent Richard Roe, III, appeals the lower court's decree declaring him to be the father of petititioner's female child. We affirm.

Respondent cites three errors on appeal.

I. That the following findings of fact are clearly erroneous:

1. That the credible testimony is that of the Petitioner and not the Defendant;

\* \* \* \*

4. That the Defendant during the period of conception was not sterile, but able to impregnate a woman;

\* \* \* \*

II. That in this case retrospective application of HUPA § 584-7 is not constitutionally permissible.

I.

Both Rule 52(a) of the Hawaii Rules of Civil Procedure and Rule 52(a) of the Hawaii Family Court Rules provide that findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

We determine whether findings of fact are clearly erroneous under Rule 52(a), HRCP, by application of the following standard of review: Findings of fact are clearly erroneous unless supported by substantial evidence in the record. *Shoemaker v. Takai,* 57 Haw. 599, 561 P.2d 1286 (1977). Substantial evidence is credible evidence which is of sufficient quantity and probative value to justify a reasonable person in reaching a conclusion. *In re Charley's Tour & Transp. Inc.,* 55 Haw. 463, 522 P.2d 1272 (1974). Even though the findings are supported by substantial evidence, they may be set aside on appeal if the appellate court decides that they are against the clear weight of the evidence or otherwise reaches a definite and firm conviction that a mistake has been made. *DeFries v. Association of Owners,* 57 Haw. 296, 555 P.2d 855 (1976); *State v. Patterson,* 58 Haw. 462, 571 P.2d 745 (1977); 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: *Civil* §

2585 (1971); 2 WRIGHT, FEDERAL PRACTICE AND PROCEDURE: *Criminal* § 374 (1969).

*Yorita v. Okumoto,* 3 Haw. App. 148, 643 P.2d 820 (1982) (footnotes omitted).

Respondent contends that because the trial court concluded "that the allegations contained in the Petition are proved by a clear standard" we must review this case on appeal as if the Petitioner's burden were to produce "clear and convincing" evidence rather than a preponderance. We disagree. As long as the trial court applied no less than the proper burden of proof, it made no error of which respondent can complain, and its decision will be reviewed on appeal under the proper burden which in cases under the Uniform Parentage Act is a preponderance. *Doe II v. Roe II,* 3 Haw. App. 233, 647 P.2d 305 (1982).

Respondent concedes that petitioner produced some evidence. He argues that she produced no credible evidence on the contested issues of whether the parties engaged in sexual intercourse at the critical time[1] and whether respondent was able at that time to impregnate petitioner.[2]

With respect to his ability to impregnate, respondent was tested once in 1965 and his sperm count per cubic centimeter was three million; whereas, the normal count is sixty million. A urologist testified that assuming three million was an accurate count, the chances of respondent impregnating petitioner "is very low . . . but not impossible."

With respect to the question of whether the parties engaged in sexual intercourse during the critical period, petitioner testified that they did and respondent testified that they did not. The trial judge believed petitioner and not respondent. Respondent, on appeal, wants this court to hold the lower court's credibility finding to be

---

[1] Upon petitioner's request and without objection by respondent and pursuant to *Almeida v. Correa,* 51 Haw. 594, 465 P.2d 564 (1970), the trial court judicially noticed the period of conception to be sometime between January 7, 1965, through February 6, 1965.

[2] Prior to trial and pursuant to HUPA §§ 584-11 and 584-12(3), wife's counsel filed a "Motion for Human Leucocyte [sic] Antigen Probability Testing at State's Expense." At oral argument it was revealed that the test was taken, but neither side offered the test results in evidence.

clearly erroneous because some of petitioner's testimony at trial differed from some of her deposition testimony taken some twenty months prior to trial. These differences were pointed out to the trial judge during the trial. Applying the general rule that the credibility of the witnesses is for the trial court to determine, *Shinn v. Lee, Ltd.,* 57 Haw. 215, 553 P.2d 733 (1976), and based upon a thorough review of the record, we do not find the trial court's findings to be against the clear weight of the evidence, and we do not reach a definite and firm conviction that a mistake has been made.

## II.

*Roe v. Doe,* 59 Haw. 259, 581 P.2d 310 (1978), left open the possibility that in certain cases retrospective application of HUPA § 584-7 might violate the putative father's constitutional right of due process. Respondent contends that this is one of those cases. We disagree.

To bring his constitutional rights into play, respondent must "demonstrate that he had acted in specific reliance on the bar of the statute of limitations and that special hardships or oppressive results would follow from the lifting of the bar. . . ." *Id.* at 271.

In support of his claim, respondent points to evidence which he says proves that he was led by petitioner to believe that he would never be subject to a paternity claim. Petitioner testified that four days after the child's birth she called him and "told him he's the father of a baby girl and he hung up"; that they saw each other in 1968 and "we went riding and we had a cup of coffee and just talked" but did not discuss the child; and that respondent never admitted being the father of the child.

With respect to the "specific reliance" requirement, respondent contends that since he "had no reason to believe he would be subject to a paternity suit, he should be deemed to have relied upon the two-year statute of limitations that was in effect at the time the relevant events of this case occurred." In our view respondent's contention does not qualify as "specific reliance." On the contrary, respondent admitted that he had no knowledge of any statute of limitation until after he had been served with a complaint in this case.

With respect to the "special hardships or oppressive results" requirement, respondent reasons as follows:

1. Since he did not think he was the father and petitioner never gave him any indication that she would file a paternity action, respondent did not discuss "his previous relationships" with his present wife[3] and now that suit has been filed, respondent's "marriage has suffered."

2. If an action had been filed within two years from birth, respondent could have (a) "had meaningful medical tests" performed to prove his alleged sterility; and (b) gathered evidence to corroborate his version of events.

With respect to no. 1, it is respondent's burden to show that special hardships or oppressive results would follow from the lifting of the bar. In this case the respondent admits that his marriage suffered when his relationship with petitioner was revealed to his present wife. He has not sufficiently demonstrated that his marriage will suffer more if we allow the bar to be lifted or that his marriage will stop suffering if we allow the bar to be enforced. Moreover, we hesitate to allow respondent to use consequences caused by his own lack of candor as the basis for a constitutional defense against a paternity claim.

With respect to no. 2(a), respondent did have a "meaningful medical test" performed which proved that he was infertile, not sterile.

With respect to no. 1 and no. 2(b), such problems are of the general variety which always exist in this kind of case. To create a constitutional defense, respondent must demonstrate specific and direct reliance on the bar of the statute of limitations and resultant hardship. He has not done so.

The essence of respondent's argument is that petitioner's acts or non-acts should bar this paternity claim. If this were the usual two-party case, we would have more sympathy for respondent's position. However, paternity cases involve not only the rights of petitioner and respondent, but also the rights of the child, and we are very reluctant to allow the child's rights to be diminished by the acts or non-acts of his or her mother.

---

[3] Respondent married in 1969, and the couple gave birth to a child in 1974.

Affirmed.

*Edward C. Kemper (Kemper & Watts* of counsel) for respondent-appellant.

*Geraldine N. Hasegawa,* Deputy Corporation Counsel, County of Hawaii, for petitioner-appellee.