**FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000011
15-NOV-2024
02:17 PM
Dkt. 80 OP

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---

NO. CAAP-23-0000011

IN THE MATTER OF THE TAX APPEAL OF
SCHUYLER E. COLE and MARILYN J. COLE,
Appellants-Appellants
(CASE NOS. 1TX151000243, 1TX161000012,
1TX161000017, 1TX161000018, 1TX161000019)

AND

IN THE MATTER OF THE TAX APPEAL OF
THOMAS J. O'KEEFE, Trustee of the Thomas J. O'Keefe Trust
created under the Helen Geymann O'Keefe Revocable Trust
established under Declaration of Trust dated May 12, 1996,
and
THOMAS J. O'KEEFE, Trustee of the Thomas J. O'Keefe
Family Trust established under Declaration of Trust
dated February 10, 1981, as amended,
Appellants-Appellants
(CASE NO. 1TX161000011)

AND

IN THE MATTER OF THE TAX APPEAL OF
DEAN L. CASH and ELIZA L. CASH,
Co-Trustees of the Kalakane Trust dated September 3, 2011,
Appellants-Appellants
(CASE NO. 1TX161000028)

AND

IN THE MATTER OF THE TAX APPEAL OF
RANDOLPH G. MOORE, Trustee under that certain unrecorded
Revocable Living Trust Agreement dated June 4, 1981,
Appellant-Appellant

(CASE NO. 1TX161000034)

AND

IN THE MATTER OF THE TAX APPEAL OF
NORMAN MARCK and LINDA B. LICHTER, Trustees of the Lichter Marck
Family Trust under unrecorded Declaration of Trust dated
March 15, 1997,
Appellants-Appellants
(CASE NO. 1TX161000026)

AND

IN THE MATTER OF THE TAX APPEAL OF
HENRY JOSEPH MATSON and PAULETTE BARRETT-MATSON,
Appellants-Appellants
(CASE NOS. 1TX161000015 & 1TX161000016)

AND

IN THE MATTER OF THE TAX APPEAL OF
MICHAEL DAVID HONG and GERIANN YUN LIN HONG,
Appellants-Appellants
(CASE NO. 1TX161000268)

AND

IN THE MATTER OF THE TAX APPEAL OF
MICHAEL DAVID HONG, Trustee of the Michael David
Hong Revocable Living Trust dated April 27, 2011, and
GERIANN YUN LIN HONG, Trustee of the Geriann Yun Lin
Hong Revocable Living Trust dated April 27, 2011,
Appellants-Appellants
(CASE NO. 1TX161000269)

AND

IN THE MATTER OF THE TAX APPEAL OF
RAYMOND J. SUPPA, Trustee under that certain
unrecorded Trust Agreement dated October 18, 2004,
Designated as the Raymond J. Suppa 2004 Trust,
Appellant-Appellant
(CASE NO. 1TX161000024)

APPEALS FROM THE TAX APPEAL COURT
OF THE STATE OF HAWAIʻI

NOVEMBER 15, 2024

HIRAOKA, PRESIDING JUDGE, AND WADSWORTH AND McCULLEN, JJ.

OPINION OF THE COURT BY WADSWORTH, J.

In 2014, Appellee-Appellee City and County of Honolulu (**City**) created a new property tax classification under which residential properties that are valued over $1 million and do not have a home exemption (because they are used for purposes other than an owner's primary residence) are classified as "Residential A" and can be taxed at a higher rate than other residential properties that do not qualify for the new classification. Appellants-Appellants Schuyler E. Cole and Marilyn J. Cole (together, **the Coles**), as well as other taxpayers, contested the City's classification of properties they owned as Residential A and appealed their property tax assessments to the Tax Appeal Court. The cases were consolidated, and following briefing and a series of hearings, the Tax Appeal Court entered summary judgment in favor of the City.

The Coles, joined by thirteen self-represented taxpayer appellants[1] (collectively, **Appellants**), now appeal from the Tax Court's July 17, 2017 dispositive order and judgment, namely:

> (1) the "Order: (1) Vacating Order Granting Motions for Summary Judgment Filed December 6, 2016; (2) Denying Taxpayer-Appellants' Motions for Summary Judgment; and (3) Granting Summary Judgment To [the City] Against Taxpayer-Appellants in

---

[1] We refer to these thirteen appellants collectively as the "Self-represented Appellants." They are: (1) Thomas J. O'Keefe, as Trustee of the Thomas J. O'Keefe Trust created under the Helen Geymann O'Keefe Revocable Trust established under Declaration of Trust dated May 12, 1996; (2) Thomas J. O'Keefe, as Trustee of the Thomas J. O'Keefe Family Trust established under the Declaration of Trust dated February 10, 1981, as amended; (3) Dean L. Cash, as Co-Trustee of the Kalakane Trust dated September 3, 2011; (4) Eliza L. Cash, as Co-Trustee of the Kalakane Trust dated September 3, 2011; (5) Randolph G. Moore, as Trustee under that certain unrecorded Revocable Living Trust Agreement dated June 4, 1981; (6) Norman Marck, as Trustee of the Lichter Marck Family Trust under unrecorded Declaration of Trust dated March 15, 1997; (7) Linda B. Lichter, as Trustee of the Lichter Marck Family Trust under unrecorded Declaration of Trust dated March 15, 1997; (8) Henry Joseph Matson; (9) Paulette Barrett-Matson; (10) Geriann Yun Lin Hong; (11) Geriann Yun Lin Hong, as Trustee of the Michael David Hong Revocable Living Trust dated April 27, 2011; (12) Geriann Yun Lin Hong, as Trustee of the Geriann Yun Lin Hong Revocable Living Trust dated April 27, 2011; and (13) Raymond J. Suppa, as Trustee under that certain unrecorded Trust Agreement dated October 18, 2004, Designated as the Raymond J. Suppa 2004 Trust.

Consolidated Cases, in Case No. 1TX 16-1-0012"

(**Order**); and

(2)     the Final Judgment (**Judgment**).

On appeal, the Coles contend[2] that the creation of the Residential A property tax classification based on factors other than "use," and the assignment of residentially zoned properties to that classification, resulted in assessments that violate the City's own code, specifically, Revised Ordinances of Honolulu (**ROH**) § 8-7.1.  The Coles also contend that the Residential A property tax classification violates the Equal Protection Clauses of the Hawaiʻi and U.S. Constitutions.

We hold that the Tax Appeal Court did not err in granting summary judgment in favor of the City on Appellants' claim that the Residential A real property tax classification violates ROH § 8-7.1 (1990).[3]  ROH § 8-7.1(c)(1) does not require the City to create real property classifications based solely on use.  Similarly, ROH § 8-7.1(c)(2) does not require the City to assign real property parcels to a particular tax classification based solely on use and, in any event, ROH § 8-7.1(c)(1) expressly excepts parcels that qualify as Residential A from being considered based solely on use.  There is no conflict between the Residential A classification and the other

---

[2]     The Coles' opening brief was filed on behalf of themselves.  We therefore refer to the points of error and arguments presented in that brief as those of the Coles'.

We recognize that the Self-represented Appellants joined the Coles' notice of appeal, which included a stipulated "request" for an order: (i) consolidating Appellants' cases for purposes of appeal; and (ii) "designating Case No[]. 1TX 15-1-0243 as the lead case on appeal, and holding that all motions, briefs, and other documents filed in this appeal by the Coles, shall thereupon be deemed filed in each and all of the Consolidated Appellate Cases, and any settlement entered by the Coles, or order, disposition, or judgment entered by this Court, shall be binding upon all the Consolidated Appellate Cases."  No separate motion was filed pursuant to Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rules 3(b) and 37.  In any event, no order of consolidation is necessary in this appeal, where Appellants filed a joint notice of appeal, creating a single, joint appeal.  See HRAP Rule 3(b).  This disposition will bind all parties to this appeal.

[3]     On November 18, 2022, the Revised Ordinances of Honolulu 2021 took effect.  Ordinance 22-21; see https://www8.honolulu.gov/ocs/revised-ordinances -of-honolulu.  Unless otherwise noted, the ROH sections quoted and cited in this opinion are from the Revised Ordinances of Honolulu 1990, as amended, which were in effect at the time of the tax assessments that were appealed to the Tax Appeal Court.

4

subsections of ROH § 8-7.1.

We further hold that the Tax Appeal Court did not err in granting summary judgment in favor of the City on Appellants' claim that the Residential A real property tax classification violates the Equal Protection Clauses of the Hawaiʻi and U.S. Constitutions. The challenged classification involves neither a fundamental right nor a "suspect" classification. Appellants have not shown they are the object of invidious discrimination. Their equal protection challenge is thus subject to rational basis review. On this record, we conclude that the City had legitimate policy purposes rationally related to the creation of the Residential A classification, including encouraging local neighborhood preservation, continuity and stability.

We therefore affirm the Tax Appeal Court's summary judgment for the City in the consolidated cases.

## I. Background

ROH § 8-7.1. sets forth the real property classifications in the City and County of Honolulu and how real property is classified and valued for real property tax purposes. Effective July 1st of the 2014 tax year, ROH § 8-7.1 was amended to include a Residential A tax class. Specifically, ROH § 8-7.1(c)(1) was amended as follows (deleted material is bracketed; new material is underscored):

> [Land] Real property shall be classified, upon consideration of its highest and best use, into the following general classes, unless it qualifies for a different class as defined in this section.
>
> (A) Residential;
>
> (B) Hotel and resort;
>
> (C) Commercial;
>
> (D) Industrial;
>
> (E) Agricultural;
>
> (F) Preservation;
>
> (G) Public service; [and]
>
> (H) Vacant agricultural[.]; and
>
> (I) Residential A.

5

City & Cnty. of Honolulu, Haw., Ordinance No. 13-33 (Sept. 26, 2013).

A new subsection (i) was also added to ROH § 8-7.1.  It stated:

> "Residential A" shall mean a parcel, or portion thereof, which:
>
> (1)    Is improved with no more than two single family dwelling units; and
>
>> (A) Has an assessed value of $1,000,000 or more;
>>
>> (B) Does not have a home exemption; and
>>
>> (C) Is zoned R-3.5, R-5, R-7.5, R-10, or R-20 or is dedicated for residential use;
>
> (2)    Is vacant land zoned R-3.5, R-5, R-7.5, R-10, or R-20 and has an assessed value of $1,000,000 or more; or
>
> (3)    Is a condominium unit with an assessed valuation of $1,000,000 or more and does not have a home exemption.
>
> Residential A excludes any parcel, or portion thereof, improved with military housing located on or outside of a military base.

City & Cnty. of Honolulu, Haw., Ordinance Nos. 13-33 and 13-41 (Dec. 20, 2013).

On May 8, 2015, the Coles appealed to the Tax Appeal Court pursuant to Hawaii Revised Statutes (**HRS**) § 232-17 (Supp. 2014).  Their appeal challenged the Residential A classification in the 2015 real property tax assessment of certain real property they owned.

In 2016, the Coles, along with Self-represented Appellant Thomas J. O'Keefe (**O'Keefe**[4]) and other taxpayers, filed a total of forty tax appeals to challenge the Residential A classification of their properties in the 2016 notices of assessment.  Thereafter, the Coles and O'Keefe filed motions for summary judgment (**MSJs**) in their tax appeal case numbers 1TX161000012 and 1TX161000011, respectively.  On July 15, 2016, the Tax Appeal Court issued an order (1) consolidating the Coles' 2015 appeal with the forty 2016 appeals that similarly challenged

---

[4]    O'Keefe, who was represented by counsel in the Tax Appeal Court, filed his appeal in two capacities.  See supra note 1.

the legality and constitutionality of the Residential A classification, and (2) designating the Coles' 2015 appeal as the lead case. On July 29 and October 3, 2016, respectively, all of the taxpayers in the consolidated cases filed substantive joinders to the MSJs filed in case numbers 1TX161000012 and 1TX161000011.

In their MSJs, the Coles and O'Keefe did not dispute that their respective properties were zoned residential, had an assessed value of $1,000,000 or more, did not have a home exemption, and were classified as Residential A. They contended that the City's classification of their properties as Residential A violated: (1) the ROH, by "classif[ying] real property based on value as opposed to use"; (2) the Commerce Clause of the U.S. Constitution; (3) the Equal Protection Clauses of the Hawaiʻi and U.S. Constitutions; and (4) the Privileges and Immunities Clause of the U.S. Constitution.

The City opposed the MSJs, arguing that the Residential A classification was neither illegal nor unconstitutional.

Following a hearing on October 17, 2016, the Tax Appeal Court orally granted the MSJs. On October 28, 2016, the City filed a motion for a continued hearing to present additional arguments regarding the MSJs. On November 21, 2016, the Tax Appeal Court heard and granted the City's motion and continued the hearing to December 22, 2016. Nevertheless, on December 6, 2016, the Tax Appeal Court entered a written order granting the MSJs and the substantive joinders.

On December 22 and 23, 2016, the Tax Appeal Court heard additional arguments regarding the MSJs. Following the arguments of counsel at the December 23, 2016 hearing, the court vacated its earlier order granting the MSJs. Although the City had not filed its own motion for summary judgment, the court indicated that it could grant summary judgment to the City without further motions or briefing pursuant to Hawaiʻi Rules of Civil Procedure Rule 56. Counsel for the Coles and O'Keefe agreed to this procedure, and the court orally entered summary judgment in favor of the City and against the taxpayers.

On July 17, 2017, the Tax Appeal Court entered separate written orders on each of the MSJs, resolving all claims in favor of the City. The Judgment was also entered on July 17, 2017. Thereafter, the Coles filed a timely motion for reconsideration,[5/] the City opposed the motion, and the Coles replied.

On December 9, 2022, the Tax Appeal Court issued an order denying the motion for reconsideration, and Appellants filed this appeal. The Hawaiʻi Supreme Court granted the City's application for transfer to determine jurisdiction to hear the appeal. On February 12, 2024, the supreme court ruled that this court has jurisdiction over the appeal and remanded it to us for further proceedings. See In re Cole v. City & Cnty. of Honolulu, 154 Hawaiʻi 28, 32, 543 P.3d 460, 464 (2024).

## II.  Points of Error

The Coles raise four points of error on appeal. In their first three points, they contend that the Tax Appeal Court erred in granting the City summary judgment, "as to the legality of the City's assignment of the subject real properties to the Residential A general class, because":  (1) "general classes of real property must be classified pursuant to use-based factors to ensure uniformity and equalization of assessments, and the Residential A general class is defined by non-use-based factors, in violation of ROH § 8-7.1(a)"; (2) "assignment of residentially zoned property to the Residential A general class results in assessments that are not uniform or equalized, in violation of ROH § 8-7.1(a)"; and (3) "the non-use-base[d] factors under the definition of Residential A in ROH § 8[-7.1](i) should not be considered in determining the highest and best use of real property for purposes of assigning the same to a general class of real property; to wit, that the value of the real property and the absence of a home exemption thereon are not proper factors for considerations under ROH § 8-7.1(c)(2) in determining the

---

[5/]     It appears that counsel for the Coles filed the motion for reconsideration on behalf of the Coles and all of "the taxpayer-appellants remaining in the consolidated Tax Appeal . . . ."

highest and best use of such real property."

In their fourth point of error, the Coles contend that the Tax Appeal Court "erred in granting the City summary judgment, as to the constitutionality of the Residential A general class, on the premise that the City had a rational basis for such classification . . . , rendering the class unconstitutional under the Equal Protection clause of the Hawaii and federal Constitutions."

### III.  Standards of Review

**A.  Summary Judgment**

"This court reviews the grant or denial of summary judgment de novo."  Priceline.com, Inc. v. Dir. of Taxation, 144 Hawaiʻi 72, 80, 436 P.3d 1155, 1163 (2019) (citing Travelocity.com, L.P. v. Dir. of Taxation, 135 Hawaiʻi 88, 96–97, 346 P.3d 157, 165–66 (2015)).

"Moreover, it is well settled that, in reviewing the decision and findings of the Tax Appeal Court, a presumption arises favoring its actions which should not be overturned without good and sufficient reason.  The appellant has the burden of showing that the decision of the Tax Appeal Court was clearly erroneous.  Inasmuch as the facts here are undisputed and the sole question is one of law, we review the decision of the Tax Appeal Court under the right/wrong standard."  West Maui Resort Partners LP v. Cnty. of Maui, 154 Hawaiʻi 121, 131, 547 P.3d 454, 464 (2024) (ellipsis omitted) (quoting Kamikawa v. Lynden Air Freight, Inc., 89 Hawaiʻi 51, 54, 968 P.2d 653, 656 (1998)).

**B.  Ordinance Interpretation**

"When interpreting a municipal ordinance, we apply the same rules of construction that we apply to statutes."  Id. (quoting Ocean Resort Villas Vacation Owners Ass'n v. Cnty. of Maui, 147 Hawaiʻi 544, 553, 465 P.3d 991, 1000 (2020)).

> Statutory interpretation is a question of law reviewable de novo.  This court's statutory construction is guided by established rules:

> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.

Id. (quoting Ocean Resort Villas, 147 Hawaiʻi at 552-53, 465 P.3d at 999-1000).

## C.   Constitutional Law

"We answer questions of constitutional law by exercising our own independent constitutional judgment based on the facts of the case.  Thus, we review questions of constitutional law under the right/wrong standard."  Id. (quoting Gardens at W. Maui Vacation Club v. Cnty. of Maui, 90 Hawaiʻi 334, 339, 978 P.2d 772, 777 (1999)).

## IV.  Discussion

## A.  The Residential A Classification Does Not Violate ROH § 8-7.1

The Coles' first three points of error overlap.  All are based on the contention that for ad valorem tax[6] purposes, real property must be "classified" and "assigned" under ROH § 8-7.1(c)(1) and (2), respectively, according to its "highest and best use."  This use-based requirement, according to the Coles, ensures that real property within the county is assessed "uniformly and equally," pursuant to the language of ROH § 8-7.1(a).  The Coles argue in their first two points of error that the creation of the Residential A general class based on "non-use-based factors," and the assignment of residentially zoned properties to that class, result in assessments that are not "uniform and equalized."  Relatedly, the Coles argue in their third point of error that the "non-use-based factors" that define

_____

[6]   An ad valorem real property tax is a tax based on the value of the property.

the Residential A general class, *i.e.*, the value of the property and the absence of a home exemption on the property, are not proper considerations for determining a property's highest and best use for purposes of assigning the property to a general class under ROH § 8-7.1(c)(2).

The City rejects the Coles' contention that real property must be classified pursuant to "use-based factors," describing it as "vastly different from the actual language in ROH § 8-7.1(c)(1) and (2)." The City argues that these ROH subsections "do not mandate 'use-based factors' in classifying real property[.]"

ROH § 8-7.1 sets forth the manner by which real property must be valued and classified for real property tax purposes. Specifically, ROH § 8-7.1(a) identifies the appraisal methods by which real property is <u>valued</u> by the City:

> (a) The director of budget and fiscal services shall cause the fair market value of all taxable real property to be determined and annually assessed by the market data and cost approaches to value using appropriate systematic methods suitable for mass valuation of real property for ad valorem taxation purposes, so selected and applied to obtain, as far as possible, uniform and equalized assessments throughout the county.

In construing the operative language of ROH § 8-7.1, the Hawaiʻi Supreme Court has stated: "ROH § 8-7.1(a) is clear and unambiguous regarding the approaches to valuation that the City must follow to accomplish its mission of assessing real property on a 'mass valuation' basis." <u>Weinberg v. City & Cnty. of Honolulu</u>, 82 Hawaiʻi 317, 322, 922 P.2d 371, 376 (1996).

ROH § 8-7.1(c) sets forth the manner by which real property is classified into, or assigned to, one of the nine general classes identified in subsection 8-7.1(c)(1). ROH § 8-7.1(c)(1) states in relevant part: "Real property shall be classified, upon consideration of its highest and best use, into the following general classes, <u>unless it qualifies for a different class as defined in this section</u>[.]" (Emphasis added.)

Contrary to the Coles' argument, the plain language of ROH § 8-7.1(c)(1) does not require the City to create real

property classifications based solely on highest and best use – or "use-based factors" more generally.  ROH § 8-7.1(c)(1) requires only that the City consider real property use when classifying real property parcels into a particular general class (or classification), and even that requirement is subject to exception where the parcel "qualifies for a different class" as defined in section 8-7.1.[7/]  See West Maui Resort Partners, 154 Hawaiʻi at 136, 547 P.3d at 469 (2024) (concluding that Maui County Code § 3.48.305, which states, "real property must be classified, upon consideration of its highest and best use, into the following general classes[,]" did not require the County to consider highest and best use when creating classifications); Webster's Encyclopedic Unabridged Dictionary 2080 (1996 ed.) (defining "unless" to mean "except under the circumstances that").

"Residential A," which is defined in ROH § 8-7.1(i), is a "different class" from "Residential."  As relevant here, ROH § 8-7.1(i) defines "Residential A" as a parcel that "[i]s improved with no more than two single family dwelling units; and (A) [h]as an assessed value of $1,000,000 or more; (B) [d]oes not have a home exemption; and (C) [i]s zoned R-3.5, R-5, R-7.5, R-10, or R-20 or is dedicated for residential use[.]" (Formatting altered.) Accordingly, ROH § 8-7.1(c)(1) expressly excepts parcels that qualify as Residential A from being considered based solely on highest and best use.  Parcels that meet the Residential A definition in ROH § 8-7.1(i) are classified into the Residential A classification.[8/]

---

[7/]     In other words, ROH § 8-7.1(c)(1) says nothing about whether the City must consider use when creating general classes of real property in the first instance.  Here, the City properly considered several factors in creating the Residential A general class.  See infra section IV.B.

[8/]     Similarly, ROH 8-7.1(c)(5) states a definition of "Vacant agricultural" that differentiates it from the "Agricultural" classification. A parcel "which would otherwise be classified [A]gricultural by the director upon major consideration of the districting established by the city in its general plan and zoning ordinance and of such other factors which influence highest and best use," is classified as "Vacant agricultural" pursuant to ROH 8-7.1(c)(1) and (5) if the parcel has no residential buildings and is not dedicated for agricultural purposes.

The Coles argue that ROH § 8-7.1(c)(2) "requires the City to specify what general class a specific parcel of real property belongs, based on the highest and best use of such property." We disagree.

ROH § 8-7.1(c)(2) states:

> In assigning real property to one of the general classes, the director shall give <u>major consideration</u> to the districting established by the city in its general plan and zoning ordinance, and <u>such other factors</u> which influence highest and best use.
>
> Notwithstanding the city's zoning district classification, the director shall assign to the agricultural class any real property classified as tree farm property under HRS Chapter 186.

(Emphases added.) Like ROH § 8-7.1(c)(1), the plain language of ROH § 8-7.1(c)(2) does not require the City to assign real property parcels to a particular tax classification based solely on use-based factors. In any event, ROH § 8-7.1(c)(1) expressly excepts parcels that qualify as Residential A from being considered based solely on such factors. <u>See</u> <u>supra</u>. When read in pari materia with ROH § 8-7.1(c)(1), subsection (c)(2) does not change our analysis.[9]

Accordingly, we reject the Coles' contention that the creation of the Residential A general class based on "non-use-based factors," and the assignment of residentially zoned properties to that class, result in assessments that violate ROH § 8-7.1. We similarly reject the Coles' contention that the factors set forth in ROH § 8-7.1(i) for assigning properties to the Residential A general class violate ROH § 8-7.1(c).

We thus conclude that the Tax Appeal Court did not err in granting summary judgment in favor of the City on Appellants'

---

[9] Equally unpersuasive is the Coles' effort to distinguish the meaning of the words "classified" and "assigned" as used in ROH § 8-7.1(c)(1) and (2), respectively. ROH § 8-7.1(c)(1) states that real property must be "<u>classified</u> . . . <u>into</u> the following general classes . . . ." (Emphasis added.) ROH § 8-7.1(c)(3) similarly states that condominium units must be "<u>classified</u> . . . <u>into</u> one of the general classes . . . ." (Emphasis added.) ROH § 8-7.1(c)(2) refers to "<u>assigning</u> real property <u>to</u> one of the general classes[.]" Any difference in meaning of the phrases "classified into" and "assigned to" as used in this context is immaterial for purposes of determining whether the City was required to perform a use-based analysis under ROH § 8-7.1(c)(1) or (2).

claim that the Residential A real property tax classification violates ROH § 8-7.1.

**B.    The Residential A Classification Does Not Violate the Equal Protection Clauses of the Hawaiʻi and U.S. Constitutions**

In their fourth point of error, the Coles contend that the Tax Appeal Court erred in granting summary judgment in favor of the City on their claim that the Residential A real property tax classification violates the Equal Protection Clauses of the Hawaiʻi and U.S. Constitutions.  The Coles argue that "The Residential A general class violates the equal protection clauses . . . because it is palpably arbitrary, on the premise that the differences relied upon to establish the class bear no relation to the purpose of the Residential A tax, which is to benefit all at the expense of a few."

The City argues in response that the Coles' equal protection argument fails because "there is a rational basis for the Residential A tax class under the U.S. and Hawaiʻi Constitutions[,]" namely that of local neighborhood preservation, continuity, and stability.

Addressing a similar argument in West Maui Resort Partners, the supreme court reiterated the applicable constitutional standard:

> "In analyzing alleged equal protection violations, classifications that are neither suspect nor quasi-suspect are subject to the rational basis test."  Del Rio v. Crake, 87 Hawaiʻi 297, 304, 955 P.2d 90, 97 (1998) (internal quotations omitted).
>
> In analyzing tax classifications under the equal protection clause, this court has stated that "where discrimination is of a 'non-suspect' or 'non-invidious' variety, such discrimination is not unconstitutional if there is any rational basis for such classification.  Such discrimination is only a violation of equal protection if it is totally arbitrary or capricious."  In re Pacific Marine & Supply Co., Ltd., 55 Haw. 572, 581, 524 P.2d 890, 896 (1974).  Under this "rational basis test," it is the court's function "only to seek to adduce any state of facts that can reasonably sustain the classification statute challenged."  Id. at 582, 524 P.2d at 896. "If the classification statute is arguably tailored to serve the state policy, it is not arbitrary or capricious, and hence is constitutional under the equal protection clauses."

Gardens, 90 Hawaiʻi at 342, 978 P.2d at 780 . . . .

154 Hawaiʻi at 139, 547 P.3d at 472 (original ellipses omitted).

This case, like <u>West Maui Resort Partners</u>, involves neither a fundamental constitutional right nor a "suspect" classification.  <u>See</u> <u>id.</u> at 140, 547 P.3d at 473.  Appellants have not shown that they are the object of invidious discrimination.  <u>See</u> <u>id.</u> ("Appellants offer no evidence of the County's animus or invidious intent to discriminate against either time share owners or nonresidents.");  <u>see also</u> <u>Nachtwey v. Doi</u>, 59 Haw. 430, 434, 583 P.2d 955, 958 (1978) ("a state law invidiously discriminates when it creates a suspect classification or infringes upon a fundamental constitutional right and the state fails to show that the law is necessary to promote a compelling state interest" (footnotes omitted)).  We therefore review the challenged tax classification under the rational basis standard.  <u>See</u> <u>West Maui Resort Partners</u>, 154 Hawaiʻi at 139-40, 547 P.3d at 472-73 (citing <u>Gardens</u>, 90 Hawaiʻi at 342, 978 P.2d at 780; <u>Pac. Marine</u>, 55 Haw. at 580-81, 524 P.2d at 896).

In <u>West Maui Resort Partners</u>, the supreme court emphasized the deferential nature of rational basis review in analyzing tax classifications.  <u>See</u> 154 Hawaiʻi at 140-41, 547 P.3d at 473-74.  Here, the City considered several legitimate policy purposes that were reasonably related to the creation of the Residential A tax classification.  The rationale for the creation of the classification is stated in the September 10, 2013 written testimony by the Department of Budget and Fiscal Services (**DBFS**), the author of the bill, before Ordinance 13-33 was enacted:

> The City has a legitimate interest in local neighborhood preservation, continuity and stability. Creating this new residential A class will inhibit displacement of lower income families or aging-in-place families or established, older neighborhoods by the forces of gentrification, such as by proliferation of expensive vacation homes for the use by our visitor population or by others who are not owner-occupants.  The creation of the residential A class is financially helpful to owners who have a long-term commitment to live in their communities and provides an incentive for them to stay.

> Long-time owner occupants have certain expectations warranting protection against higher taxes, which owners of second homes or vacation homes do not have. A family that buys a residence and intends to occupy it for a length of time, does so based on certain expectations related to that family's income and lifestyle. Over time, as the neighborhood values increase as a result of the purchase of neighboring properties by new owners who often tear down and rebuild million dollar second homes or vacation homes, the established family is unable to pay for the increased financial responsibilities of property ownership, including increased real property taxes resulting from the increase in property values. The owners of high-end homes, who have purchased or built properties based on their own income expectations and lifestyle, have financial expectations that have accounted for the higher property values, as reflected by their purchase price. After the initial passage of Bill 42, all taxpayers will be able to make more certain and accurate predictions of their future tax liability.

> In addition to preserving older neighborhoods and protecting homeowners who have made a long-term commitment to the neighborhood, the residential A class is also designed to not harm the typical renter. Often, tax schemes that pit homeowners with home exemptions against homeowners without home exemptions end up hurting renters economically. Setting the threshold for residential A properties at $1,000,000 allows the owners of typical rental properties without a home exemption to keep the rent at affordable levels instead of passing tax increases on to their tenants. Renters of homes valued at $1,000,000 or greater would appear to have the financial wherewithal to absorb any tax increase applied to their rental payments.

DBFS's testimony plainly states a legitimate policy purpose in local neighborhood preservation, continuity and stability, and ties that purpose to the creation of the Residential A tax classification. The City further argues that the classification is reasonably related to the City's policy purpose, as follows:

> The Residential A definition in ROH § 8-7.1(i) clearly expresses the City's interest in keeping families in their homes by favoring owner-occupied properties over investment properties. The home exemption criteria delineates between owner-occupied and non-owner-occupied residential for Residential and Residential A classifications, respectively, to further the City's interest of inhibiting the displacement of families from their homes. Assigning residential properties without a home exemption but valued less than $1 million to the Residential general tax class aligns with the City's interest in keeping rentals affordable at the lower Residential tax rate, which reduces the risk of increased rents to lower income and aging families from pass-through taxes at the Residential A tax rate by their landlords.

The Coles respond that the City's Residential A classification is arbitrary – that "[i]ncreasing the tax charged

to owners of non-owner occupied properties does nothing to assist owners of owner-occupied properties in preserving their homes and thereby the continuity and stability of the community."  The Coles essentially challenge the closeness of the fit between the City's legitimate interests and its chosen means of achieving them.  "Under rational basis review, it is our duty 'only to seek to adduce any state of facts that can reasonably sustain the classification statute . . . challenged.'"  West Maui Resort Partners, 154 Hawaiʻi at 142, 547 P.3d at 475; see Tax Found. of Hawaiʻi v. State, 144 Hawaiʻi 175, 205, 439 P.3d 127, 157 (2019) ("[T]he rational basis standard 'is especially deferential in the context of classifications made by complex tax laws.  In structuring internal taxation schemes the States have large leeway in making classifications and drawing lines which in their judgment produce reasonable systems of taxation.'" (original brackets omitted) (quoting Nordlinger v. Hahn, 505 U.S. 1, 11 (1992))).[10/]  On this record, we cannot say that the City's legitimate policy purposes bear no reasonable relation to its creation of the Residential A tax classification.

Accordingly, we conclude that the Tax Appeal Court did not err in granting summary judgment in favor of the City on Appellants' claim that the Residential A real property tax classification violates the Equal Protection Clauses of the Hawaiʻi and U.S. Constitutions.

### V. Conclusion

For the reasons discussed above, we affirm the following, entered by the Tax Appeal Court on July 17, 2017:

> (1)  the "Order: (1) Vacating Order Granting Motions for Summary Judgment Filed December 6, 2016; (2) Denying Taxpayer-Appellants' Motions for Summary Judgment; and (3) Granting Summary Judgment To

---

[10/]    Contrary to these authorities, the Coles also argue that the City must explain what it plans to do with "the additional tax revenue generated by the Residential A general class increased tax rate over the Residential general class tax rate[,]" citing Hasegawa v. Maui Pineapple Co., 52 Haw. 327, 475 P.2d 679 (1970).  Hasegawa, which did not involve a tax classification or complex tax scheme, does not support the Coles' argument.

[the City] Against Taxpayer-Appellants in Consolidated Cases, in Case No. 1TX 16-1-0012"; and

    (2)   the Final Judgment.


On the briefs:

| | |
|---|---|
| Scott W. Settle and | /s/ Keith K. Hiraoka |
| Ian P. Luthringer | Presiding Judge |
| (Settle Meyer Law, LLLC) | |
| for Appellants-Appellants | |
| Schuyler W. Cole and | /s/ Clyde J. Wadsworth |
| Marilyn J. Cole | Associate Judge |
| | |
| Daniel M. Gluck, | /s/ Sonja M.P. McCullen |
| Robert M. Kohn, | Associate Judge |
| Lee M. Agsalud, and | |
| Karen K. Lee, | |
| Deputies Corporation Counsel | |
| for Appellee-Appellee | |